WILLIAM H. RIED, PLAINTIFF IN ERROR, v. THE
STATE OF NEBRASKA, DEFENDANT IN ERROR.

Witness Fees. The fees of a witness from another state, coming
into this state in obedience to a subpœna issued on behalf of the
state in a prosecution for a felony, and where the testimony of
such witness is material and necessary, are taxable to a defend-
ant where the prosecution results in a conviction of the defend-
ant of the crime for the commission of which the prosecution
was instituted.

ERROR to the district court for Gage county.   Heard
below before BROADY, J.

L. W. Colby and Hazlett & Bates, for plaintiff in error.

William Leese, Attorney General, for the state.

REESE, J.

It is agreed by counsel that there is but one question
presented in this case, and that is, whether the state is en-
titled to a judgment against a defendant, convicted of a
felony, for the cost of witnesses necessarily brought or who
accept service of subpœna and come from another state.
The question of the materiality of the testimony or the
necessity of bringing witnesses from a long distance is al-
ways for the trial court; and while a party securing the
attendance of a witness from a long or short distance must
always pay the legal fees therefor, yet, for the protection
of litigants and defendants in state cases, it is the province
of the court in proper cases to refuse to tax such costs to
the losing party.

The question here is, not whether the witnesses are en-
titled to their fees—for they clearly are—from the party
calling them.   Any other holding would be a suggestion
of the practice of a species of bad faith, which the courts

would not for a moment sanction.    In the case at bar the
state officer sent subpœnas to the witnesses in Iowa, and
upon his request the witnesses accepted service and came
in obedience to the requirements thereof.    The state, or
rather that part of it represented by the county where the
crime is alleged to have been committed, must pay them
their full fees for the whole distance "necessarily traveled."
Sec. 23, chap. 28, Compiled Statutes, 1885.

Assuming, as we must, that these witnesses were neces-
sary and that their testimony was material, as these facts
are not questioned, we are of the unanimous opinion that
the state is entitled to the taxation of these costs.    With-
out inquiring what the rule might be in a civil case where
depositions might be taken, it is clear that the only method
by which the testimony might have been used on the part
of the state under the provisions of the constitution, would
be by the production of the witnesses in court.    While the
state might not be able to compel their attendance, yet if
they saw fit to yield obedience to its request in the form of
a subpœna, we can see no possible reason why they should
not be treated as any other witness, and their fees, neces-
sarily paid by the state, taxed accordingly.    *Hutchins v.*
*The State,* 8 Mo., 288.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

.THE other judges concur.