## MARKWELL v. WARREN COUNTY.

1. **Criminal Law**: CONFINEMENT OF WITNESS: FEES. A witness who is confined in the county jail by order of a magistrate, for failure to give security for his appearance to testify on behalf of the State in a criminal trial, cannot recover from the county his per diem as a witness for the time he is thus imprisoned.

*Appeal from Warren Circuit Court.*

THURSDAY, APRIL 22.

ACTION AT LAW. Upon a demurrer to the petition judgment was rendered for defendant; plaintiff appeals. The facts of the case appear in the opinion.

*H. McNeil*, for appellant.

*George Collings*, for appellee.

BECK, J.—I. The petition alleges that plaintiff was a witness for the State at an examination before a justice of the peace of one Hathway, charged with the crime of murder, who was held to bail for his appearance at the District Court to answer the charge. The plaintiff's testimony being regarded as important for the State, the justice of the peace ordered him to enter into an

1. CRIMINAL law : confinement of witness : fees.

undertaking with sureties to appear and testify in the cause before the District Court. The petition alleges that plaintiff was unable to give security in compliance with this order, and thereupon was committed to the jail of the county, and remained there confined for ninety-five days before he was able to procure the security. The petition seeks to recover $1.25 for each day plaintiff was in confinement.

II. The demurrer was, we think, rightly sustained. The plaintiff is not entitled to compensation allowed by the statute to witnesses, for such compensation is for attendance upon a court. Code, § 3814. It cannot be claimed that defendant was in attendance upon the court while in jail. His confinement was to secure his attendance when court should convene.

III. Upon an examination of one charged with felony, the magistrate may require a witness for the State to enter into a written undertaking in the penalty of one hundred dollars to appear and testify at the court to which the accused may be held to appear, and whenever the magistrate is satisfied that there is reason to believe such witness will not fulfill such undertaking unless security be required, he may order the witness to enter into such undertaking with sureties, in a penalty to be prescribed in the order. If the witness refuses to comply with the order the magistrate may commit him until he comply or is legally discharged. Code, § § 4248, 4249, 4251.

In the case before us the witness was committed for refusal to obey the order by the magistrate. But counsel say that he could not give the security, and failed to obey the order because of his inability to comply therewith; this may be true. But the magistrate's decision must be presumed to have been legally and regularly made, and based upon sufficient grounds. He must have found that the witness would not appear and testify unless security was given; that is, he would not discharge the duty he owed to the State of voluntarily appearing to testify in the case. For this reason was

the security required.  He was imprisoned, therefore, not because he could not give the security, but because he could not be trusted to perform his duty as a citizen voluntarily and without compulsion.  This view takes out of the case whatever of sympathy counsel has put in it, based upon its hardship and supposed injustice.  Should it be conceded that this is a case of hardship, it is no ground upon which we may find a liability on the part of the county.  Hardships do sometimes occur in the administration of the law.  They result from the utter inability of the law-makers to enact statutes which may not, in some case, work seeming injustice.

Regarding the prisoner as having been committed because the justice of the peace found that there was good reason to believe he would not voluntarily appear and testify, he can have no grounds to recover from the county that could not be urged in the behalf of anyone imprisoned for violation of law.  The judgment of the Circuit Court is

AFFIRMED.