## MARSHALL COUNTY *v.* JACK TIDMORE.

PRACTICE. *Witness fees. Commitment. Per diem allowable.* Code 1892, §§ 1987, 2023 *to* 2026 *inclusive.*

A witness for the state in a criminal prosecution who has been committed to jail to secure his appearance before the circuit court, is not, under §§ 1987 to 2026 inclusive, code 1892, entitled to a per diem allowance of fees for the whole period of his detention, but only for that covered by his attendance upon the court when in session.

FROM the circuit court of Marshall county.

HON. EUGENE JOHNSON, Judge.

This cause originated in the *ex parte* application of the appellee for an allowance of his fees as a witness for the period of his detention in jail, the whole time being two hundred and three days. The court made an order of allowance upon the county treasury for the sum of $216, in payment of appellee's claim, whereupon, the county appealed. The motion was tried upon the following agreed statement of facts: '' One J. S.

Gatlin shot and killed one Ed. West, at Potts Camp, Mississippi, in Marshall county; that the said Tidmore was present, and was an eyewitness to said killing; that said Gatlin made his escape and is still at large, never having been apprehended; that said Tidmore was a transient person, and at the coroner's inquest held upon the body of said West, he was required to give bond to appear before the August term, 1895, of the circuit court of said county as a witness before the grand jury; that said Tidmore was unable to give bond, and was sent to jail to await the sitting of the circuit court; that on August 31, 1895, an indictment was found against said Gatlin, and said Tidmore was again required by the circuit court of said county to give bond for his appearance as a witness against said Gatlin at the February term, 1896, of the circuit court of said county; said Tidmore was unable to give this bond, and, in default, was at once committed to the county jail, where he remained until the February term, 1896, of the circuit court of said county, when, said Gatlin being still at large, said Tidmore was discharged from jail on his own recognizance; at which time he was allowed by the court the sum of $14.80 for his attendance during the actual sitting of that term of the court, the same being for nine days' attendance and twenty-six miles traveled. Said Tidmore was in jail twenty-three days from the time of the holding of the coroner's inquest until the convening of the grand jury of the circuit court, 1895, and one hundred and eighty days from that time until he was discharged on his own recognizance; that is, he was confined in jail from the August term, 1895, of court until the February term, 1896."

*Smith & Totten*, for the appellant.

The legislature has failed to make any provision whatever for payment of fees to a witness held under the statute, as in this case. There was no court in session during one hundred and eighty days of Tidmore's confinement for him to attend, and certainly the statute provides for no compensation to wit-

nesses not in actual attendance upon court.     As he was not in·
actual attendance during vacation, he can claim nothing.     *Mark-
well* v. *Warren County*, 53 Iowa, 422.

WHITFIELD, J., delivered the opinion of the court.

The court erred in allowing appellee the witness' fees for the
time he was confined in jail.     The plain declaration of the law
(see §§ 1987, 2023–2026, code 1892) is that only the fees pre-
scribed by the statute shall be allowed.     The attendance meant
by the statute, clearly, is attendance upon the court when in
session.     Learned counsel for appellee cite two cases (*Robinson*
v. *Chambers*, 94 Mich., 471, 54 N. W., 176; and *Higginson's
case*, 1 Cranch C. C., 73, Fed. Cas. No. 6471) which directly
support his contention, and two others (*Hutchins* v. *State*, 8
Mo., 288, and *State* v. *Stewart*, 4 N. C., 524; 1 Car. Law
Rep., 138) which in principle support it, but which, as they
relate to mileage, are of no authority here, § 2023 providing
that the only mileage allowed here is that for distance traveled
within this state.

We cannot assent to the view announced in these cases.     In
the first two the witnesses were women, and whether gallantry
towards the sex or the hardness of the cases, or both together,
constrained the court, we think them unsound.     The court ex-
pounds the law.     It neither makes nor modifies it.     Doubtless
provision should be made by the legislature for cases like the
extraordinary one at bar.     But that is for the legislature alone.
All the cases relied on by learned counsel for appellee, and
others, are set out and properly discriminated in the note to
*Robinson* v. *Chambers*, *supra*, in the twentieth volume of the
Lawyers' Reports Annotated, at page 57, a series absolutely
invaluable to bench and bar.

The true view (the exactly opposite doctrine ·to that main-
tained by counsel for appellee) is announced in *Markwell* v.
*Warren Co.*, 53 Iowa, 422 (5 N. W., 570), where the witness
was confined in jail, in exactly the same state of case as here,

for ninety-five days. We concur in the result there announced. The court there said: "It cannot be claimed that defendant was in attendance upon the court while in jail. His confinement was to secure his attendance when court should convene." This certainly is sound, without reference to the other reason given by the court (as to which we say nothing), to the effect that he was confined, not because he could not give bond, but because the magistrate "must have found that the witness would not discharge the duty he owed to the state, of voluntarily appearing to testify." Our view is that the statute does not provide for the case, and we cannot allow what the statute does not warrant. The other fees allowed were proper. As to the fees for the one hundred and eighty days, the judgment is reversed, and judgment here accordingly will be entered. So ordered.