HUTCHINS *vs.* THE STATE.

Where a witness residing in another State is here compelled to enter into recognizance for his appearance as a witness before the courts of this State, he will be allowed mileage from his place of residence.

SCOTT, *Judge, delivered the opinion of the Court.*

This was a rule on the auditor, to show cause why a mandamus should not issue against him, for refusing to allow an account in favor of the relator, for fees as a witness in the St. Louis Criminal Court, in the case of the State *vs.* Corl, Heyleman and Hodges, indicted for swindling.

It appears the relator, a witness, was a resident of the State of New York, and was recognized by our authorities to appear in the Criminal Court at St. Louis, to testify on behalf of the State, against the above-named defendants. He twice attended the court under recognizance, coming from Troy, in New York. The judge and circuit-attorney allowed the witness the mileage from his place of abode to St. Louis, granted by law to witnesses who are residents of the State, and one dollar for each day's attendance on court; the per diem allowance to witnesses who are not residents of the county to which they are summoned to testify. The

*Hutchins* vs. *The State.*

auditor allowed the witness fifty cents a day for his attendance,— the fee allowed by law to witnesses who are residents of the county to whose courts they are summoned to testify,— and refused to allow any mileage.

Our statute prescribes, that every account for the attendance of any witness shall be sworn to, and shall state that he was summoned to attend as a witness in the cause in which the charge is made, the number of days he attended, and the number of miles he had to travel in consequence of the summons. (See Revised Code, 272, sec. 20.) Under this section it has always been held, that a witness who lived at a distance from the place of trial, and was summoned at that place, was not entitled to any mileage, he not having travelled any number of miles in consequence of the summons. And if a witness is recognized on the part of the State, and he attends under the recognizance, he is within the meaning of the act, though he was not actually summoned. So, if a witness, who is a non-resident of the county in which an offence is committed, be recognized to attend the court in the county where the crime was perpetrated, he is allowed mileage from his place of residence, although he was recognized at the place of trial, and a witness is not deemed a resident of the county in which he is recognized.

These principles would determine this case were the witness a resident of the State: let us examine whether the circumstance of his non-residence will render them inapplicable. In the case of Howland *vs.* Lennox, (4 Johns. Rep., 311,) the Supreme Court of New York held, that if a witness resides out of the State, his estimate for mileage cannot extend beyond the State-line: and the Supreme Court of Massachusetts, in the case of Melvin *vs.* Whiting, (13 Pick.,) on the authority of the case in New York, held the same doctrine. Upon these two cases, Greenleaf, in his Treatise on Evidence, 360, remarks, the reasons for these decisions are not stated, nor are they very easily perceived. The cases above-cited were decided without reference to any statutory provision; and although they may justly be subject to the censure of the learned author, would be clear law in this State, where the witnesses can only claim for travel coerced by a subpœna, and a subpœna issued by the courts of a State could not be served out of its limits, or beyond its jurisdiction, and, if served, would be of no effect. But does the same principle hold with regard to recognizance? Admitting, for argument's sake,— a matter about which we express no opinion,—that another State would not allow a recognizance taken by our courts, whose object was to compel the attendance of one of her citizens as a witness, to be enforced within her jurisdiction against him, yet such a recognizance would be clearly binding in the State where taken, and the witness might be compelled to satisfy it, in case of a breach, if he were found within her limits. And when we consider the multiplied relations, both political and commercial, between the States of our confederacy, and the still stronger ties of blood and affinity between many citizens of the several States, the inconvenience of having a recognizance even binding in one State alone, to whose penalty a person is subject, may be very great. Shall our laws, then, subject a witness, who is a resident of another State, and with us in business, to a heavy forfeiture, for not attending our courts, and afterwards refuse him compensation for his attendance exacted by law, when all our own citizens

are allowed compensation for attending courts as witnesses. We will not be the first to establish a rule so inhospitable, to say the least of it, towards the citizens of our sister States. Policy requires that witnesses from abroad, who attend on the part of the State, should be compensated. St. Louis is a highly commercial place: many strangers are always there: they may become witnesses of offences against our laws; and to refuse them compensation, would necessarily, in many cases, deprive the State of their evidence. Other courts have allowed such claims. In North Carolina, witnesses are entitled to fees for attendance in behalf of the State, to be computed from their place of residence in *another* State, if recognized before they removed there. State *vs.* Stewart, (1 N. Car. Law Repos.) So, in a case in the courts of Louisiana: McFall was on a trading voyage from Kentucky, and recognized and detained till the trial, not having time to go home. His per diem fees were allowed from the date of his recognizance, but not mileage, the statute being "for every mile they shall necessarily ride going and coming." The witness' mileage, in returning home after being recognized, was not allowed in that case, the court saying his necessity of returning home did not arise from being detained as a witness. And such, we presume, would be the construction of our statute. If the trial is postponed to a distant day, so as to make it inconvenient for the witness to remain at the place till it comes on, his mileage fees for coming to the place of trial, and afterwards returning home, would be allowed. Cowen's Phillips on Evidence, 2, 10. In the case of Lonergan *vs.* Roy, Exch. Insurance, 7 Bingham, an item of £533 was allowed on taxation, as the expenses and compensation for loss of time of a foreign witness, sent for in good faith from Havana to England.

We are aware that, to the rule thus established, it may be objected, that many unjust and unfounded claims will be preferred, and many abuses practised on the State and county treasuries under its sanction. It is not fair to urge the abuses to which a rule may be exposed, against its existence. We must trust to the vigilance and discernment of the circuit judges and attornies to guard us against the abuses to which it may be subject. No witness, the expense of whose attendance is so great, will be permitted to be recognized, unless his evidence is indispensably necessary to convict the offender. Persons who have no fixed place of residence, will not be permitted so to abuse the rule, that they can travel about at the expense of the State or a county, and such men will not be allowed to force themselves as witnesses on the State, that they may have this privilege. No person will be allowed mileage unless his claim is *bona fide*, and beyond doubt, within the spirit of the rule. Nor will the allowance be made when there is no necessity for the witnesses to return home, after entering into recognizance, or when he returns merely for the sake of the mileage.

Peremptory mandamus awarded.