94 471<br/>94 473

HENRY A. ROBINSON, GUARDIAN OF MAY FRENCH, v.
F. H. CHAMBERS, JUDGE OF THE RECORDER'S
COURT OF DETROIT.

*Witnesses—Detention to await criminal trial—Fees.*

A witness who is required to recognize for his appearance to testify on
behalf of the people, and is committed to jail on his failure to
enter into such recognizance, must be held to have been in
attendance upon the court during the time of his commitment,
and is entitled to the fees allowed by law to witnesses for the
people in criminal cases.[1]

[1] How. Stat. § 9472, authorizes an examining magistrate, upon
an adjournment of the examination or the admission of the pris-
oner to bail or his commitment, to bind by recognizance the com-
plainant and all material witnesses against such prisoner to appear
and testify on the adjourned day, or at the next court in which
the prisoner shall be held to answer; and, under section 9473, the
magistrate is authorized, if satisfied by due proof that there is
good cause to believe that any such witness will not perform the
condition of his recognizance unless other security be given, to
order the witness to enter into a recognizance, with one or more

*Mandamus.*   Argued January 10, 1893.   Granted January 19, 1893.

Relator applied for *mandamus* to compel respondent to enter an order for the payment of certain witness fees. The facts are stated in the opinion.

*Edward S. Grece,* for relator.

*O. F. Hunt,* for respondent.

PER CURIAM.   May French was committed by the recorder's court of Detroit, in default of bail, to appear as a witness in a criminal cause in said court.   Under this order she was confined from March 11 until the 21st of May following.   The court allowed her $25 for such detention.   She subsequently petitioned, through her guardian, for $57 more, claiming the statutory witness fees for the time that she was detained.   The court denied the prayer of the petition.

This was erroneous.   The inability to give bail and consequent detention were the misfortune, rather than the

---

sureties, for his appearance at court; and section 9475 empowers the magistrate, on the refusal of the witness to recognize, to commit him to prison, there to remain until he complies with the order requiring such recognizance, or is discharged according to law.

How. Stat. § 9058, provides that whenever any person shall attend any court of record as a witness in behalf of the people, upon request of the public prosecutor, or upon subpœna, or by virtue of a recognizance for that purpose, and it shall appear that such person has come from any other state or territory of the United States, or is poor, the court may, by an order entered on its minutes, direct the county treasurer of the county in which the court may be sitting to pay to such witness such sum of money as shall seem reasonable for his expenses.   This section further provides that "no fees shall be allowed or paid to witnesses on the part of the people in any criminal proceeding or prosecution, except as in this section above provided."

How. Stat. § 9064 (Act No. 77, Laws of 1849, as amended by Act No. 192, Laws of 1875), provides that whenever any person shall attend any court as a witness in behalf of the people, upon request of the public prosecutor, or upon a subpœna, or by virtue of any recognizance for that purpose, he shall be entitled to one dollar for each day's and fifty cents for each half day's attendance in a court of record.

fault, of the witness. She was detained by the court, and must be held to have been in attendance upon the court, within the meaning of the statute providing for the payment of witness fees. *Hutchins v. State*, 8 Mo. 288; *State v. Stewart*, 1 N. C. L. Rep. 524; *Higginson's Case*, 1 Cranch, C. C. 73.

*Mandamus* must issue as prayed, but without costs.