Strafford,
June 24, 1911.

## KIRKE *v.* STRAFFORD COUNTY.

A witness for the state in a criminal proceeding, who has been confined in jail because of his inability to furnish sureties for his appearance before the superior court, is entitled to fees for the period of his detention.

PETITION, for fees for travel and eighty days attendance as a witness upon the superior court. November 29, 1910, the plaintiff was summoned to testify before the police court of Rochester upon a complaint charging one Soucy with the illegal sale of intoxicating liquor. Probable cause being found against Soucy, he was ordered to furnish bail for his appearance at the next February term of the superior court, and the plaintiff was ordered to recognize with sureties for his appearance as a witness at the same time. The plaintiff was a stranger in Rochester and through no fault of his own was unable to furnish sureties. Because of this, he was detained in jail eighty days. At the end of that time he appeared and testified before the grand jury, and was discharged. No indictment was found against Soucy.

The plaintiff presented a claim to the solicitor for eighty days witness fees and ten miles travel. The solicitor refused to allow the claim, and thereupon the plaintiff filed this petition. The question of what sum, if any, he is entitled to recover was transferred without ruling by *Chamberlin,* J., from the February term, 1911, of the superior court, upon an agreed statement of facts.

*William F. Russell* and *Sidney B. Smith,* for the plaintiff.

*George T. Hughes,* solicitor, for the defendant.

PEASLEE, J.   This plaintiff has been compelled by process issued by state authority to devote eighty days of his time to the service of the state.   He was needed as a witness, and the proper authority adjudged that the need was sufficiently urgent to require that he be detained during the time in question.   Two defences are set up. It is urged, first, that he was not in attendance as a witness within the meaning of the statute, and, second, that Rule 75 of the superior court bars a recovery here.

Upon the first ground the authorities are in conflict.   That he was not in attendance, or that his attendance was not of the sort mentioned in the statute, is held in the following cases: *State v. Walsh*, 44 N. J. Law 470; *Marshall v. Tidmore*, 74 Miss. 317; *Markwell v. County*, 53 Ia. 422; *State v. Greene*, 91 Wis. 500; *Morin v. County*, 18 Ore. 163.   Other courts have taken the view that a person so detained is in attendance and should be paid the statutory fees, especially when it appears that his failure to give security did not result from any fault on his part.   *Hall v. County*, 82 Md. 618; *State v. Stewart*, 1 N. C. L. Rep. 524; *Robinson v. Chambers*, 94 Mich. 471; *Hutchins v. State*, 8 Mo. 288; *Higginson's Case*, 1 Cranch C. C. 73.   Whether a witness who willfully refused to give security for his appearance could recover, or whether one of so notoriously bad character that he was unable to obtain bondsmen on that account would be without remedy, are questions not involved here.   It appears in the agreed case that the plaintiff was a stranger in Strafford county, and that his failure to recognize was in no way chargeable to any fault on his part.   In such a case there is but narrow ground upon which to hold that the witness does not come within the provisions of the statute.   "The inability to give bail and consequent detention were the misfortune, rather than the fault, of the witness.   She was detained by the court and must be held to have been in attendance upon the court, within the meaning of the statute providing for the payment of witness fees." *Robinson v. Chambers, supra.*

·Rule 75 of the superior court applies only to costs incurred in justice and police courts.   It provides that "no such bill of costs shall be allowed unless an indictment be found in the case, or the prosecution be instituted by the authority and under the direction of the attorney-general or the solicitor for the county."   71 N. H. 688.   So·far as it relates to this case, the rule is the same as the statute upon the subject.   P. S., c. 256, s. 9.   Under an earlier rule, the fees of a witness who gave sureties in the lower court for his

appearance before the grand jury were in terms excepted from its operation. It was said by the court that this was a "very reasonable exception to the rule," and that the practice was in conformity with it. *Ex parte Mitchell*, 17 N. H. 501. To hold otherwise would be to decide that witnesses could be compelled to attend without either payment of or security for their fees. The justice, being clothed with power to compel the attendance of the witness, must also be held to be so far an agent of the people as to charge the witness fees upon the public treasury. This is the rule as to a summons indorsed by the prosecuting officer (*State* v. *Tebbetts*, 54 N. H. 240), and no reason appears why it should be different here. The theory adopted in this state is that a witness is to be compensated at the statutory rate whenever he attends in response to legal process, or upon request. *Gunnison* v. *Gunnison*, 41 N. H. 121.

A suggestion is also made that the provision of the statute that a witness so held shall be entitled to the net proceeds of his labor (P. S., c. 282, s. 16) shows that he is not entitled to witness fees. It is manifest that this amount would vary greatly and in some instances would be nothing. It is not probable that the legislature attempted to establish so uncertain a standard of compensation, or one which would require the witness to perform labor in order to obtain anything for his time. It is more probable that this provision was inserted in the statute as some slight recompense for the inconvenience and loss the detained witness is necessarily called upon to endure. It places him as nearly as may be on the same footing as the ordinary witness, who is entitled to use for his own advantage such portion of his time as is not required for the service of the public. The statute is of comparatively recent origin. Laws 1877, c. 48, s. 3. It is not probable that the legislature then intended to abridge the existing rights of the witness.

*Judgment for the plaintiff for $101.20.*

All concurred.