282 P.2d 838

Earle Cecil BARBER, Plaintiff and Appellant,

v.

Frank E. MOSS, County Attorney of Salt Lake County, Alvin Keddington, County Clerk of Salt Lake County; Sharp M. Larsen, County Treasurer of Salt Lake County; and David P. Jones, County Auditor of Salt Lake County, Defendants and Respondents.

No. 8180.

Supreme Court of Utah.

April 26, 1955.

Rawlings, Wallace, Roberts & Black, Dwight L. King, Salt Lake City, for appellant.

Frank E. Moss, County Attorney, William J. Cayias, Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a judgment denying plaintiff witness fees during the time he was jailed as a material witness awaiting trial, because he was indigent and could not post bail. Affirmed, no costs awarded.

Plaintiff urges that Title 21–5–4, U.C.A.1953, which authorizes payment of fees for witnesses attending upon a court, requires payment to plaintiff of such fees on the theory that he actually "attended" court during his enforced custody awaiting trial. Respectable authorities support counsel,[1] which represent the minority rule. We do not believe such construction must

1. Ann.Cas.1912(C) 809, note and cases therein cited; Morin v. Multnomah County, 18 Or. 163, 22 P. 490.

be given the statute. We feel constrained to espouse the majority rule, expressed in the language of Sec. 885, 58 Am.Jur. 506 (Witnesses), as follows:

"In the majority of jurisdictions wherein the question has arisen, it has been held that there can be no recovery even though the failure to furnish bail results from no fault of the witness, the courts holding that statutes authorizing payment of a witness *while attending court* (italics supplied) do not extend to a time while the witness is forcibly detained waiting for the trial to take place."

Historically, the majority view is bottomed on the conception that every member of an orderly community, in exchange for the benefits he derives therefrom, is duty bound to testify as a witness,—without compensation, if necessary,[2]—and, as an adjunct thereto, be required to be detained to assure appearance at a trial that vitally may be of interest in preserving such orderly community.[3]

Although the majority rule seems to deal harshly with one's liberty, it is not too different basically than the rule which twice we have enunciated,[4] that an attorney is obliged, as his contribution to society, to expend of his time, his property and his enforced employment by court order, in defense of the indigent. Again, it would seem no harsher to deny witness fees or other compensation to the detained witness than it would to the detained accused who ultimately is acquitted, or to the person mistakenly convicted and later proven innocent,—neither of whom is able to obtain witness fees or other compensation, although these last two persons carry with them a lingering stigma born of accusation itself, which does not attach to him who is a detained witness only.

It appears to us that redress here is not addressable to the statute on witness fees, but to the legislature, where, in equity and justice, compensation can and generally should be made available to the detained material witness, to the detained but later acquitted accused and to the mistakenly imprisoned convict, later proved innocent.

Although not a matter of appeal, it seems to us that the plaintiff here, who spent 178 useless and wasted days in jail awaiting trial, should have been accorded the benefits which Titles 77–15–29 and 77–15–31, U.C.A.1953 extend to indigent witnesses unable to post bail not because of their fault but because of their misfortune,—sections

---

2. Dixon v. People, 168 Ill. 179, 48 N.E. 108, 39 L.R.A. 116, et seq.

3. Ann.Cas.1912(C) 809, supra.

4. Ruckenbrod v. Mullins, 102 Utah 548, 133 P.2d 325, 144 A.L.R. 839; Pardee v. Salt Lake County, 39 Utah 482, 118 P. 122, 36 L.R.A.,N.S.; 377, Ann.Cas. 1913E, 200.

which allow that such persons *forthwith* might be questioned, their testimony perpetuated and they discharged. Here, where such benefits were not extended, it might be that the board of examiners and the legislature, on proper application, would consider the advisability of making available to the plaintiff a reasonable sum as compensation for time lost and liberty restricted.

The dissent's quotation from a Maryland case assumes facts which are not reflected in the record here, and any criticism impliedly leveled at public officials in that forum is not apropos or analogous here, where the record is silent as to whether plaintiff was honest, friendless or the victim of enforced companionship with the depraved. Whether all or any of these things were true here, it is still a matter for legislative and not judicial legislation.

McDONOUGH, C. J., and CROCKETT and WORTHEN, JJ., concur.

WADE, Justice (dissenting).

I dissent. Appellant was detained for 6 months in jail as a material witness because through no fault of his own he was unable to obtain a bond for his appearance. Under such circumstances the following expressed by the Maryland Court of Appeals in Hall v. Commissioners of Somerset County, 82 Md. 618, 34 A. 771, 773, 32 L.R.A. 449, on page 450 in my opinion expresses the justice, humanity and logic inherent in our system of government:

"* * * For an honest, law-abiding, but poor and friendless individual to be confined in a common jail, and there forcibly made the companion of criminals and of the depraved, merely because he is unable, through no fault of his own, to find security for his appearance as a witness in behalf of the commonwealth, is bad enough; but when, in addition to this, by that very confinement, he is deprived of pursuing his avocation, and then is refused compensation as a witness except for the few days he may be actually within the courtroom while the trial is in progress, his situation is made immeasurably worse. He is subjected to the same treatment that a criminal is, though confessedly not guilty, or even accused of crime; and he is deprived of his liberty and his means of livelihood, and denied compensation as a witness, though charged with no transgression of the law.

"To warrant such a result, even if it ever could be justified, there ought to be the most unequivocal statutory sanction. The plaintiff was committed and held distinctively and exclusively as a witness for and in behalf of the state. It was in his capacity as a witness for the prosecution, and solely because he was such a witness, that he was or could have been detained at all; and this detention must be treated as a constructive attendance upon the court, un-

less the flagrant injustice and great hardship which the contrary view will inevitably entail be deliberately inflicted and sanctioned. * * *"

See also Kirke v. Stafford County, 76 N.H. 181, 80 A. 1046, Ann.Cas.1912C, 807, and the following cases cited therein and in the note on page 809 as holding that witness fees are recoverable where the witness is detained in custody for future appearance without fault of the witness. State v. Stewart, 4 N.C. 138; Robinson v. Chambers, 94 Mich. 471, 54 N.W. 176, 20 L.R.A. 57, Hutchins v. State, 8 Mo. 288, Higginson's Case, 12 Fed.Cas., page 471, No. 6, 1 Cranch.C.C. 73, and McFall's Case, 2 Mart. O.S., La., 171.