NORMAN COCHRAN, APPELLEE, v. THE COUNTY OF LINCOLN, NEBRASKA, APPELLANT.

280 N. W. 2d 897

Filed June 26, 1979. No. 42320.

Milton R. Larson, Lincoln County Attorney, and Marvin L. Holscher, for appellant.

James E. Schneider and James R. Nisley, for appellee.

Heard before KRIVOSHA, C. J., BRODKEY, and HASTINGS, JJ., and COADY and NORTON, District Judges.

KRIVOSHA, C. J.

The instant appeal presents to this court a case of first impression requiring an examination of section 33-139, R. S. Supp., 1978, to determine whether a material witness, being confined pursuant to section 29-507, R. R. S. 1943, is entitled to witness fees for the time spent in custody prior to trial.

The facts involved herein are without dispute and have been stipulated. Appellee was a resident of the State of Texas. On June 24, 1977, Louis B. Brigman was shot and killed. Appellee's brother, William Glenn Cochran, was taken into custody and charged with first degree murder. Appellee appeared before the county court of Lincoln County, Nebraska, on June 27, 1977. The county court, pursuant to the provisions of section 29-507, R. R. S. 1943, determined that the appellee would not appear to testify at trial and therefore ordered him to post a bond in the amount of $25,000 with a right to post 10 percent thereof according to law. On June 28, 1977, bond was reduced to $15,000 by court order with the right to post 10 percent thereof according to law. Appellee did not post bond and was held in custody pursuant to section 29-507, R. R. S. 1943.

On August 13, 1977, appellee was released from custody upon the order of the United States District Court for the District of Nebraska, having been confined for 52 days. On September 6, 1977, jury trial commenced against William Cochran. Appellee attended the trial for 6 days as a witness for the State, pursuant to subpoena. William Cochran was found

not guilty. On September 12, 1977, the clerk of the District Court for Lincoln County, Nebraska, paid appellee the sum of $121.92, which represented $20 per day for 6 days attendance, plus mileage in the amount of $1.92.

On September 22, 1977, appellee filed a document entitled "Application for Payment of Witness Fees," praying for witness fees of $1,040. That figure represented $20 per day for the 52 days he was confined while unable to post bond pursuant to the provisions of sections 29-507 and 29-508, R. R. S. 1943. On October 27, 1977, the District Court for Lincoln County allowed the application and entered an order in favor of appellee in the amount of $1,040. After the county board of Lincoln County, Nebraska, denied the claim, appeal was taken to the District Court for Lincoln County, Nebraska, which again sustained the application and ordered payment to the appellee in the amount of $1,040. Appeal was perfected by the County of Lincoln, Nebraska, to this court.

In reviewing the matter, we now find that section 33-139, R. S. Supp., 1978, does not authorize the payment of $20 per day to a material witness during the time he is confined while he is unable to post bond. Accordingly, we reverse the order of the District Court for Lincoln County, Nebraska.

Section 33-139, R. S. Supp., 1978, provides: "Witnesses before the district court * * * shall receive twenty dollars * * * for each day actually employed in attendance on the court * * *." The sole question involved herein is whether a material witness, confined because of his inability to post bond, is "actually employed in attendance on the court" during the period of incarceration prior to trial. While this court has not had the opportunity heretofore to decide this question, other courts have ruled on this issue. The majority of those courts have held that such individuals are not in actual attendance on the court and therefore are not entitled to the statutory

witness fee. The weight of authority is to the effect that a general statute providing for witness fees cannot be construed to include or to authorize payment of such fees to any person detained by court order while waiting for the trial to take place. See, Barber v. Moss, 3 Utah 2d 268, 282 P. 2d 838; and the cases annotated and collected at 50 A. L. R. 2d 1436.

Appellee urges us to reject the majority view and to find, as the District Court held, that section 33-139, R. S. Supp., 1978, authorizes the payment of witness fees for the period of confinement prior to trial when a material witness is financially unable to post bond to secure his release. In order for us to reach that conclusion, we must read into section 33-139, R. S. Supp., 1978, language which is not now there. We should be reluctant to so legislate, no matter how painful the result may be. "Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain the meaning. * * * It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language. *Neither is it within the province of a court to read anything plain, direct, and unambiguous out of a statute."* City of Scottsbluff v. Tiemann, 185 Neb. 256, 175 N. W. 2d 74.

By its plain language, section 33-139, R. S. Supp., 1978, authorizes payment of witness fees to only those persons actually attending the court. In the absence of legislative authorization, witness fees would not otherwise be allowed. "The right of a witness to compensation is purely statutory, since at common law no witness fees were paid. A statute not providing for payment of fees to witnesses in criminal and other cases does not on that account infringe the constitutional provision against taking private property for public use, against taking property without due process of law, or against demanding a man's particular services without just compensation." 81 Am. Jur. 2d, Witnesses, § 23, p. 47. To the

same effect, see United Development Corp. v. State Highway Dept., 133 N. W. 2d 439 (N. D., 1965).

"[I]t is clearly recognized that the giving of testimony and the attendance upon court or grand jury in order to testify are public duties which every person within the jurisdiction of the Government is bound to perform upon being properly summoned, and for performance of which he is entitled to no further compensation than that which the statutes provide. The personal sacrifice involved is a part of the necessary contribution of the individual to the welfare of the public." Blair v. United States, 250 U. S. 273, 39 S. Ct. 468, 63 L. Ed. 979.

While the result of this position may work a hardship on a material witness who is unable to post bond, the solution to that problem is for the Legislature to reexamine the provisions of sections 29-507 and 29-508, R. R. S. 1943, and to make provision for some form of payment for the time spent incarcerated prior to trial. In the final analysis there is probably no payment adequate to compensate a material witness who must remain in custody solely due to his financial inability to post bond and secure his release.

The provisions of the material witness statutes, sections 29-507 and 29-508, R. R. S. 1943, do not *require* that all material witnesses be confined to secure appearance at trial, or post bond to secure the same. Rather, such result occurs only when the magistrate is satisfied that the witness will not appear to testify at trial. However, these matters are factors totally outside of and beyond the clear meaning of section 33-139, R. S. Supp., 1978. To hold as urged by appellee would require us both to stretch the meaning of the statute and to read into the words "actually employed in attendance on the court" facts and circumstances which are not present. How can it be said that one is in attendance on the court when neither the court, itself, is in session nor

are the parties to the action present? Such a construction has been rejected by other courts ruling in this area. " 'To consider a witness who has been committed to jail because he cannot give security to attend a future court, to be actually *attending the court* from the time of his commitment, and this for five months before there is any court in existence, would seem to me to be a rather forced and unnatural construction.' " Hurtado v. United States, 410 U. S. 578, 93 S. Ct. 1157, 35 L. Ed. 2d 508.

While the result sought by the appellee in this case may have merit and while the action of the District Court was equitable, in light of the clear meaning of the statute we are without authority to take such action and feel compelled to follow the majority view in this matter. Accordingly, we hold that one who is retained in custody as a material witness pursuant to the provisions of section 29-507, R. R. S. 1943, is not actually employed in attendance on the court during all the time that the individual is in custody. We further find that a material witness held in custody is only actually employed in attendance on the court during that period of time in which trial of the matter for which the individual is being incarcerated is conducted. To that extent, therefore, the order of the District Court for Lincoln County, Nebraska, must be reversed.

REVERSED AND REMANDED.