STATE of Iowa, Appellee,

v.

Antonio HERNANDEZ–LOPEZ, Joe Edward Ramirez, and Alberto Ruiz, Appellants.

No. 00–1855.

Supreme Court of Iowa.

Jan. 24, 2002.

Michael J. Jacobsma of Klay, Veldhuizen, Bindner, De Jong & Pals, P.L.C., Orange City, for appellants.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, and Mark J. Schouten, County Attorney, for appellee.

CADY, Justice.

This application for discretionary review provides us with our first opportunity to interpret Iowa's material witness statute. *See* Iowa Code § 804.11 (1999). Although the issues in this appeal are technically moot, we address a portion of the challenge to the constitutionality of the statute because it is likely to recur yet evade appellate review. On our review, we find the statute survives the substantive and procedural due process facial challenges. We therefore affirm the decision of the district court.

## I. Background Facts and Proceedings.

On August 5, 2000, Antonio Hernandez–Lopez, Joe Edward Ramirez, Alberto Ruiz,[1] and Angel Alvarado Esquivel were occupants in an automobile involved in a fatal accident with a motorcycle. Esquivel was driving the automobile, while the other three occupants were passengers. All four occupants fled the scene of the accident. They were apprehended by members of the Sioux County Sheriff's Office the following day.

The initial investigation of the accident revealed the automobile had caused the accident by crossing the highway centerline and striking the motorcycle head-on. However, the investigating officers were unable to discern who was driving the automobile at the time of the accident. None of the vehicle's occupants would acknowledge the identity of the driver. In fact, Esquivel and Ramirez provided false names and explanations of their whereabouts on August 5 upon questioning by the officers. Consequently, all four individuals were arrested as material wit-

---

1. For the remainder of this opinion, Antonio Hernandez–Lopez, Joe Edward Ramirez, and Alberto Ruiz will be referred to collectively as "the defendants."

nesses pursuant to Iowa Code section 804.11.

On August 7, Esquivel and the defendants were brought before a magistrate for an initial appearance. *See* Iowa Code § 804.23 (individual arrested as material witness pursuant to section 804.11 must be brought before nearest magistrate without unnecessary delay). The magistrate found probable cause to believe they were material witnesses. An appearance bond of $32,500 was set for each defendant.

The deputy sheriff who was in charge of investigating the accident, and who arrested the defendants, filed a complaint and affidavit on August 8. The deputy claimed in the complaint that he had reason to believe the defendants were necessary and material witnesses to a felony and that they might be unavailable for service of a subpoena. He further stated in the affidavit that the defendants were occupants of a motor vehicle involved in the fatal collision. Additionally, the affidavit indicated the defendants fled the accident scene and were later apprehended by law enforcement personnel.

The county attorney subsequently filed trial informations against the defendants claiming they were material witnesses under section 804.11. Each information contained the proposed witness testimony of the deputy who filed the complaint and affidavit. The minutes of testimony further explained the defendants were Mexican nationals believed to have entered this country illegally. The Immigration and Naturalization Service (INS) had placed

detainers on the defendants.[2] The detainer required the State to immediately transfer the defendants to INS custody upon release from state custody.

A bond review hearing was held on September 5. The State resisted the defendants' request to reduce the $32,500 bond to an unsecured appearance bond. The State cited the defendants' critical role in the ongoing investigation of the accident and the likelihood they would be unavailable for trial if released. The district court denied the defendants' application.

Laboratory reports completed by the Department of Criminal Investigation on September 11 revealed Esquivel was the driver of the automobile on August 5. On October 17, Esquivel was formally charged by trial information with committing the crimes of vehicular homicide and leaving the scene of an accident.[3] The defendants gave depositions in the underlying matter on October 24. Esquivel and his counsel were permitted to conduct their own examination of the defendants during the depositions.

A second bond review hearing was held on October 30. The defendants advanced both facial and as-applied constitutional challenges to section 804.11. Specifically, the defendants contended section 804.11 violated their rights to due process under the state and federal constitutions. Additionally, the defendants alleged the statute violated the Eighth Amendment to the United States Constitution by infringing upon their right to be free from excessive

---

**2.** An INS detainer is an informal process in which the INS advises state prison officials that a state detainee is wanted on other charges and requests the state prison officials to notify the INS before releasing the detainee. *Orozco v. United States I.N.S.*, 911 F.2d 539, 541 n. 2 (11th Cir.1990).

**3.** The trial information charged Esquivel with two counts of vehicular homicide: (1) vehicular homicide in violation of section 707.6A(1) by operating a motor vehicle under the influence of alcohol; and (2) vehicular homicide in violation of section 707.6A(2) by operating a motor vehicle in a reckless manner with a willful or wanton disregard for the safety of others.

bail. Both the State and Esquivel resisted the application. The district court denied the request.

The defendants then applied for discretionary review with this court. We granted the application on January 3, and reduced the appearance bond to $1,000 for each defendant. Esquivel subsequently pled guilty to vehicular homicide in violation of section 707.6A(2) and leaving the scene of an accident in violation of section 321.261(3). Following the rendering of the guilty plea, the material witness charges were dismissed. The district court released the defendants on January 8.

Because the defendants were no longer in state custody, the State filed a motion to dismiss this appeal as moot. Pursuant to the INS detainer, the defendants were transferred to INS custody upon their release from the county jail. The defendants have since been deported from this country.

On appeal, the defendants continue to claim the material witness statute violates due process and equal protection under our state and federal constitutions, and that bail was excessive under the Eighth Amendment to the federal constitution. Additionally, the defendants now claim the statute violates the Search and Seizure Clause to the state and federal constitutions, and also advance further equal protection arguments. Finally, they claim their rights under the statute were violated because they should have been released after their depositions were secured.

## II. Standard and Scope of Review.

■■■ We review constitutional challenges to a statute de novo. *State v. Keene*, 629 N.W.2d 360, 363 (Iowa 2001); *State v. Cronkhite*, 613 N.W.2d 664, 666 (Iowa 2000). In doing so, we must remember that statutes are cloaked with a presumption of constitutionality. *Santi v.*

*Santi*, 633 N.W.2d 312, 316 (Iowa 2001); *Keene*, 629 N.W.2d at 364. The challenger bears a heavy burden, because it must prove the unconstitutionality beyond a reasonable doubt. *Keene*, 629 N.W.2d at 364. Moreover, "the challenger must refute every reasonable basis upon which the statute could be found to be constitutional." *Id.* Furthermore, if the statute is capable of being construed in more than one manner, one of which is constitutional, we must adopt that construction. *Santi*, 633 N.W.2d at 316.

## III. Preservation of Error.

■■■ Generally, we will only review an issue raised on appeal if it was first presented to and ruled on by the district court. *State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997). This general rule includes constitutional issues. *Id.* Thus, a party wishing to attack the constitutionality of a statute must do so at the first available time during the progression of the case. *Id.* If a party fails to timely apprise the district court of an issue, the matter is deemed unpreserved for our review. *Id.*

In their second application to review the release conditions, the defendants contended section 804.11 violated their rights to due process under the state and federal constitutions. The district court rejected this claim. Consequently, we conclude the defendants adequately preserved error on their substantive and procedural due process claims. The defendants also claimed bond was excessive and the imposition of bond violated the Equal Protection Clause by creating a class of indigent witnesses unable to satisfy bail requirements and a class of witnesses with the ability to post bail. The district court rejected the claims and the issues were preserved.

■ However, the defendants failed to preserve error on the remainder of the issues. Contrary to the defendants' argument, a mere assertion that a statute is "unconstitutional" does not encompass every conceivable constitutional violation. If we adopted such a rule, we would be bombarded by constitutional challenges never addressed by a lower court in the case. Instead, a party challenging the constitutionality of a statute must alert the court to what specific constitutional provisions are allegedly compromised by the statute.

■ The defendants in this case did not properly raise their claims in district court that the statute constituted an unreasonable search and seizure and violated the Equal Protection Clause. They did not frame any challenge before the district court in the context of the Fourth Amendment. Similarly, the equal protection claim presented to the district court was based solely on the defendants' status as indigents. On appeal, a second equal protection claim is raised in the context of greater rights afforded to those arrested for crimes than those arrested as material witnesses. Accordingly, this issue was not preserved for review.

■ We reject the defendants' suggestion that the importance and gravity of an unpreserved constitutional issue creates an exception to our error preservation rules. "[W]e do not recognize a 'plain error' rule which allows appellate review of constitutional challenges not preserved at the district court level. . . ." *Id.*

■ Likewise, the defendants raised the issue of a violation of their statutory rights for the first time in this appeal. Accordingly, this issue was also not preserved. Any other issues raised by the defendants and not specifically addressed are also deemed unpreserved.

## IV. Mootness.

■ Although the defendants adequately preserved their substantive and procedural due process challenges, the State seeks to dismiss these claims on mootness grounds. Ordinarily, an appeal is deemed moot if the issue becomes non-existent or academic and, consequently, no longer involves a justiciable controversy. *In re M.T.*, 625 N.W.2d 702, 704 (Iowa 2001). We generally refrain from reviewing moot issues. *Polk County Sheriff v. Iowa Dist. Ct.*, 594 N.W.2d 421, 425 (Iowa 1999); *Shannon v. Hansen*, 469 N.W.2d 412, 414 (Iowa 1991). However, an exception exists for issues of broad public importance likely to recur. *M.T.*, 625 N.W.2d at 704; *T & K Roofing Co. v. Iowa Dep't of Educ.*, 593 N.W.2d 159, 162 (Iowa 1999); *Maguire v. Fulton*, 179 N.W.2d 508, 509–10 (Iowa 1970). We have previously noted that issues addressing the constitutional validity of statutes may fall within the exception to the mootness doctrine. *Maguire*, 179 N.W.2d at 510.

■ In determining whether we should review a moot action, we consider four factors. These factors include: (1) the private or public nature of the issue; (2) the desirability of an authoritative adjudication to guide public officials in their future conduct; (3) the likelihood of the recurrence of the issue; and (4) the likelihood the issue will recur yet evade appellate review. *Polk County Sheriff*, 594 N.W.2d at 425; *see Shannon*, 469 N.W.2d at 414. The last factor is perhaps the most important factor. *See M.T.*, 625 N.W.2d at 704–05. If a matter will likely be moot before reaching an appellate court, the issue will never be addressed. Thus, the high likelihood of the issue recurring necessarily implies the desirability of an authoritative adjudication on the subject. *State v. Hill*, 334 N.W.2d 746, 747 (Iowa 1983).

■ We agree with the State, in part, that this appeal should be dismissed on mootness grounds. The defendants have been released from custody and are no longer within the jurisdiction of this state. A decision on their as-applied constitutional challenges would have no practical legal effect in the underlying controversy. *See M.T.*, 625 N.W.2d at 704 (we dismiss appeals when judgment would have "no practical legal effect upon the existing controversy" (citations omitted)); *T & K Roofing Co.*, 593 N.W.2d at 162–63 (same). Consequently, we decline to address their claims that section 804.11, as applied to their specific factual situation, violated their rights to substantive and procedural due process. Similarly, we decline to address the equal protection challenges based on the indigency status of the defendants and the claim of excessive bail.

■ Nevertheless, the defendants' facial due process challenges are issues of public importance. Our appellate courts have not yet interpreted section 804.11, and a decision would provide guidance to law enforcement personnel and judicial officers faced with similar situations in the future. *See Polk County Sheriff*, 594 N.W.2d at 425; *Shannon*, 469 N.W.2d at 414. It is a virtual certainty that another individual will be arrested under this statute. Most importantly, we believe this is a case capable of repetition, yet evading appellate review. *See Polk County Sheriff*, 594 N.W.2d at 425–26. Considering the time for processing an appeal, in addition to the relatively short duration of detentions under section 804.11, a detainee will often be released from custody before an appellate court can reach the issue. *See M.T.*, 625 N.W.2d at 705; *Polk County Sheriff*, 594 N.W.2d at 426; Ronald L. Carlson, *Jailing the Innocent: The Plight of the Material Witness*, 55 Iowa L.Rev. 1, 3 (1969) [hereinafter Carlson]. We there-

fore conclude this appeal falls within the exception to the mootness doctrine.

## V. Standing.

■ In addition to mootness, we must also consider whether the defendants have standing to claim that the statute is unconstitutional on its face. *See State v. Hunter*, 550 N.W.2d 460, 463 (Iowa 1996), *overruled on other grounds by State v. Robinson*, 618 N.W.2d 306 (Iowa 2000). This inquiry is based on the traditional rule of constitutional adjudication that a defendant lacks standing to make a facial challenge to a statute when the statute is not unconstitutional as applied to the defendant. *Broadrick v. Oklahoma*, 413 U.S. 601, 610, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830, 839 (1973); *Hunter*, 550 N.W.2d at 463. It is also tied to the companion principle that constitutional rights are personal in nature and may not be asserted vicariously. *Broadrick*, 413 U.S. at 610, 93 S.Ct. at 2915, 37 L.Ed.2d at 839.

■ In this case, we have declined to consider the as-applied challenges to the statute. Thus, the material witness statute has not been found to be constitutional as applied to these defendants. Moreover, we recognize exceptions to the rule that a defendant lacks standing to make facial challenges to a statute. *Hunter*, 550 N.W.2d at 463; *State v. Price*, 237 N.W.2d 813, 816 (Iowa 1976). One exception is when nonparties to the litigation " 'stand to lose by its outcome and yet have no effective avenue of preserving their rights themselves.' " *Price*, 237 N.W.2d at 816 (quoting *Broadrick*, 413 U.S. at 611, 93 S.Ct. at 2915, 37 L.Ed.2d at 839). We think this exception applies here. If we refuse to recognize standing in this case, we fear third parties arrested under the material witness statute, as with the defendants in this case, would be unable to assert any challenge to the statute because

of the mootness doctrine. Therefore, we conclude these defendants have standing to assert facial challenges to the statute.

## VI. Material Witness Statutes.

■ Material witness statutes are in widespread existence throughout this country. *In re Francisco M.*, 86 Cal. App.4th 1061, 103 Cal.Rptr.2d 794, 802 (2001); *State v. Lloyd*, 22 Or.App. 254, 538 P.2d 1278, 1288 (1975). The majority of states have enacted such statutes, as well as the federal government. *Francisco M.*, 103 Cal.Rptr.2d at 802; Carlson, 55 Iowa L.Rev. at 1 & n. 1; *see* 18 U.S.C. § 3144 (2000) (federal material witness statute). These statutes serve a vital and useful public purpose in the prosecution of felony offenses. *People ex rel. Van Der Beek v. McCloskey*, 18 A.D.2d 205, 238 N.Y.S.2d 676, 680 (N.Y.App.Div.1963). It is widely recognized that the giving of testimony to one's knowledge of a crime is a public duty imposed upon every individual properly summoned within the court's jurisdiction. *Francisco M.*, 103 Cal.Rptr.2d at 797; *Cochran v. Lincoln County*, 203 Neb. 818, 280 N.W.2d 897, 900 (1979); *State v. Hand*, 101 N.J.Super. 43, 242 A.2d 888, 892 (1968); *Van Der Beek*, 238 N.Y.S.2d at 680. Although the personal sacrifice involved with the performance of this duty can be great, it is essential to the administration of justice and public welfare. *Cochran*, 280 N.W.2d at 900; *Hand*, 242 A.2d at 892; *see Barry v. United States ex rel. Cunningham*, 279 U.S. 597, 617–18, 49 S.Ct. 452, 456, 73 L.Ed. 867, 873 (1929) (exigencies of particular situation require detention of material witness where subpoena would not adequately secure witness' presence at trial).

■ At common law, courts did not have the authority to confine an individual as a material witness. *Hand*, 242 A.2d at 892; Carlson, 55 Iowa L.Rev. at 6. The most restraint imposed by a court was to require a witness to come on his or her own recognizance, without providing surety. *Id.* Thus, the authority provided to courts today to confine material witnesses is largely statutory. *Id.; see* 97 C.J.S. *Witnesses* § 33, at 420 (1957). Today, the public duty to testify in felony cases is so vital to our system of justice that an innocent person may be detained as a material witness without bail. *Francisco M.*, 103 Cal.Rptr.2d at 797; *Van Der Beek*, 238 N.Y.S.2d at 680. Furthermore, statutes providing for confinement of material witnesses are generally considered to be valid under the federal constitution. *Barry*, 279 U.S. at 618, 49 S.Ct. at 457, 73 L.Ed. at 874; *Francisco M.*, 103 Cal.Rptr.2d at 802 (citing *Hurtado v. United States*, 410 U.S. 578, 588 & n. 9, 93 S.Ct. 1157, 1163–64 & n. 9, 35 L.Ed.2d 508, 518 & n. 9 (1973)).

Iowa has had a material witness statute since 1851. *See* Iowa Code §§ 2876–2878 (1851); Carlson, 55 Iowa L.Rev. at 17 & n. 61. The statute was significantly revised in 1976. *See* 1976 Iowa Acts ch. 1245 (ch. 2), § 408 (codified at Iowa Code § 804.11 (1978)). It is currently found in Iowa Code section 804.11. The statute provides that a law enforcement officer may arrest an individual as a material witness, with or without an arrest warrant, if the officer has "probable cause to believe that a person is a necessary and material witness to a felony and that such person might be unavailable for service of a subpoena." Iowa Code § 804.11. In addition to these guidelines, the statute requires the officer to inform the individual at the time of the arrest of the officer's identity and of the reason for the arrest. *Id.* Specifically, the officer must inform the arrestee that he or she is "believed to be a material witness to an identified felony and that the person might be unavailable for service of the subpoena." *Id.*

Additional guidelines exist under the statute to protect the individual interest of the arrestee and to safeguard the arrest procedure. Following the arrest, the officer must take the arrestee to the nearest or most accessible magistrate *"without unnecessary delay"* for an initial appearance. *Id.* § 804.23 (emphasis added). At the initial appearance, the officer must introduce a sworn affidavit demonstrating probable cause to believe the arrested individual is a necessary and material witness to a felony offense and that the individual might be unavailable for service of a subpoena. *Id.* The magistrate may then exercise his or her discretion to release the individual pursuant to section 811.2, or further confine the individual in accordance with the terms of an appearance bond. *See id.*

## VII. Due Process.

■■■ The defendants challenge the statute under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and article I, section 9 of the Iowa Constitution.[4] The federal and state Due Process Clauses are nearly identical in scope, import and purpose, and our analysis in this case applies to both claims.[5] *Santi,* 633 N.W.2d at 317; *In re Detention of Garren,* 620 N.W.2d 275, 284 (Iowa 2000); *Cronkhite,* 613 N.W.2d at 666; *State v. Klawonn,* 609 N.W.2d 515, 519 (Iowa 2000).

■■■ In essence, two individual interests are protected by the due process clause. *United States v. Salerno,* 481 U.S. 739, 746, 107 S.Ct. 2095, 2101, 95 L.Ed.2d 697, 708 (1987). The first, substantive due process, prevents the government from interfering with "rights 'implicit in the concept of ordered liberty.'" *Id.* (quoting *Palko v. Connecticut,* 302 U.S. 319, 325, 58 S.Ct. 149, 152, 82 L.Ed. 288, 292 (1937)). The second, procedural due process, requires government action resulting in the deprivation of a liberty interest to be implemented in a fair manner. *Id.* Thus, if a statute survives our substantive due process inquiry, we then scrutinize the procedural due process afforded. *See id.*

■■■ Lastly, we must remember the challenge we are reviewing is a facial challenge. A party making a facial challenge bears a heavy burden, as it must demonstrate the statute is incapable of any valid application. *Id.* at 745, 107 S.Ct. at 2100, 95 L.Ed.2d at 707; *Santi,* 633 N.W.2d at 316. In short, the challenger must show no conceivable set of circumstances exist under which the statute would be valid. *Salerno,* 481 U.S. at 746, 107 S.Ct. at 2101, 95 L.Ed.2d at 708.

---

**4.** The Fourteenth Amendment to the United States Constitution prohibits the states from "depriv[ing] any person of life, liberty, or property without due process of law," while article I, section 9 of the Iowa Constitution similarly provides that "no person shall be deprived of life, liberty, or property, without due process of law." *See In re Detention of Garren,* 620 N.W.2d 275, 284 (Iowa 2000).

**5.** In addition to the due process challenges, the defendants contended the appearance bond violated their right to be free from excessive bail in accordance with the Eighth Amendment to the United States Constitution.

The Eighth Amendment prohibits the government from engaging in cruel and unusual punishment. *See Cronkhite,* 613 N.W.2d at 669. The detention of material witnesses is not a form of punishment, as will be further explained. Moreover, government cannot punish an individual until a formal adjudication of guilt has been entered. *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 1872 n. 16, 60 L.Ed.2d 447, 466 n. 16 (1979). Thus, the Eighth Amendment is inapplicable to this case. Instead, the proper constitutional inquiry for this claim is the Due Process Clause. *See id.*

## A. Substantive Due Process.

The first step in analyzing a substantive due process challenge is to identify the nature of the individual right involved. *Reno v. Flores*, 507 U.S. 292, 302, 113 S.Ct. 1439, 1447, 123 L.Ed.2d 1, 16 (1993); *Santi*, 633 N.W.2d at 317; *Cronkhite*, 613 N.W.2d at 667; *Klawonn*, 609 N.W.2d at 519. If the asserted right is fundamental, we apply strict scrutiny analysis. *Flores*, 507 U.S. at 305, 113 S.Ct. at 1448, 123 L.Ed.2d at 18; *Santi*, 633 N.W.2d at 317; *Klawonn*, 609 N.W.2d at 519. We must then determine whether the government action infringing the fundamental right is narrowly tailored to serve a compelling government interest. *Santi*, 633 N.W.2d at 318; *In re Garren*, 620 N.W.2d at 286; *Klawonn*, 609 N.W.2d at 519. Alternatively, if we find the asserted right is not fundamental, the statute must merely survive the rational basis test. *Klawonn*, 609 N.W.2d at 519. To withstand rational basis review, there must be a reasonable fit between the government interest and the means utilized to advance that interest. *Flores*, 507 U.S. at 305, 113 S.Ct. at 1448–49, 123 L.Ed.2d at 18; *Santi*, 633 N.W.2d at 317. We conclude the interest in this case involves a fundamental right. We have previously found an individual's interest in freedom from bodily restraint to be at the core of the liberty interests protected by due process. *In re Garren*, 620 N.W.2d at 284; accord *Foucha v. Louisiana*, 504 U.S. 71, 80, 112 S.Ct. 1780, 1785, 118 L.Ed.2d 437, 448 (1992).

Because section 804.11 involves a fundamental right, we must determine whether the detention of material witnesses is narrowly tailored to serve a compelling government interest. We find the government interest in securing the testimony of material witnesses for the prosecution of felony offenses is indeed compelling. The defendants concede the government interest is compelling, but contend the statute is not narrowly tailored because it does not provide for less restrictive alternatives to secure the witness' appearance at trial. The defendants propose other pre-trial release alternatives, including house arrest, electronic tracking devices, or other less drastic means. However, we find the statute does in fact provide for less restrictive alternatives. Section 804.23 explicitly permits the magistrate to exercise his or her discretion and order the release of an arrested individual. We conclude this discretionary authority also includes the power to consider and impose other less restrictive alternatives, such as the pre-trial release methods proposed by the defendants. *See* Iowa Code § 811.2; Ronald L. Carlson & Mark S. Voelpel, *Material Witness and Material Injustice*, 58 Wash. U. L.Q. 1, 22–23 & n. 153 (1980) (referencing Iowa Code section 811.2(1)(e)); Note, *The Preliminary Hearing—An Interest Analysis*, 51 Iowa L.Rev. 164, 181 (1965). Moreover, a statute need not provide for the least restrictive available alternative in order to be deemed constitutional. The pre-trial detention of material witnesses is not rendered unconstitutional just because there may be a more desirable form of custody. *See In re Garren*, 620 N.W.2d at 285 (discussing institutional custody of sexually violent predators).

The defendants further contend section 804.11 violates substantive due process because it permits impermissible punishment without a trial. To determine whether an infringement on liberty constitutes impermissible punishment, we look to the legislature's intent in enacting the contested statute. *Salerno*, 481 U.S. at 747, 107 S.Ct. at 2101, 95 L.Ed.2d at 708. If the legislature expressly intended to create punitive restrictions, the statute

is unconstitutional as impermissible punishment. *Id.* However, if no such punitive intent existed, we must then determine whether the statute constitutes impermissible regulation. *Id.* A statute constitutes impermissible regulation if the deprivation of liberty is excessive in relation to the regulatory goal advanced by the government. *Id.*

We conclude the pre-trial detention imposed by the material witness statute does not constitute impermissible punishment without a trial. Our material witness statute does not possess a punitive purpose. The mere fact that an individual is subject to detention does not necessarily mean the government is imposing punishment. *Id.* at 746, 107 S.Ct. at 2101, 95 L.Ed.2d at 708. An individual deemed to be a material witness is subject to detention because the individual possesses critical knowledge of a felony and is unlikely to attend trial even if subpoenaed. *Francisco M.,* 103 Cal.Rptr.2d at 805. The power to detain is utilized to secure a witness' attendance at trial, not to punish the witness. *Application of Cochran,* 434 F.Supp. 1207, 1212 n. 11 (D.Neb.1977); *Francisco M.,* 103 Cal.Rptr.2d at 805; *Cooks v. Rapides Parish Indigent Defender Bd.,* 686 So.2d 63, 66 (La.Ct.App.1996).

Thus, because we find section 804.11 to be regulatory in nature, we must determine whether the infringement imposed by the statute is excessive in relation to the regulatory goal. The regulatory goal of this statute is the presentation of a material witness' essential testimony at trial. *Francisco M.,* 103 Cal.Rptr.2d at 805. We find this to be a legitimate goal. Additionally, we do not believe the inci-

dents of the pre-trial detention of a material witness are excessive in relation to this regulatory goal. *See Salerno,* 481 U.S. at 747, 107 S.Ct. at 2101, 95 L.Ed.2d at 709. The material witness statute limits the circumstances under which an individual may be detained as a material witness. In order to arrest an individual as a material witness, the law enforcement officer must have probable cause to believe the individual is a necessary and material witness to a felony and might be unavailable for service of a subpoena. *See* Iowa Code § 804.11. The arrestee is then entitled to a prompt detention hearing. *See id.* § 804.23. At the hearing, the officer must demonstrate to the magistrate the reasons for believing probable cause exists to charge the person as a material witness. *See id.*

The only problem we find with section 804.11 is the portion addressing the likelihood of the unavailability of the defendant for trial. Section 804.11 only requires the arresting officer to believe an individual "might" be unavailable. We believe a stronger showing of unavailability is required before an individual may be arrested as a material witness. Because we are entertaining a facial constitutional challenge to this statute, we will interpret the statute to comport with constitutional principles. *See State v. Misik,* 238 N.J.Super. 367, 569 A.2d 894, 903 (1989) (court may remedy material witness statute lacking sufficient procedural safeguards without declaring statute unconstitutional). To comply with substantive due process, we conclude section 804.11 mandates an officer have probable cause to believe the individual will be unavailable for trial.[6]

---

6. We acknowledge the illegal status of an individual is a factor for the magistrate to consider in determining the likelihood the witness will be available for trial. *United States v. Nai,* 949 F.Supp. 42, 45 (D.Mass.

1996) (court influenced by fact Chinese illegal immigrants would be subject to immediate expulsion proceedings upon release from federal government's custody). Additionally, the

See Bacon v. United States, 449 F.2d 933, 943 (9th Cir.1971) (probable cause to believe may be "impracticable" to secure witness' presence by subpoena); United States v. Nai, 949 F.Supp. 42, 44 (D.Mass. 1996) ("material witness will, in all likelihood, be unavailable" (citation omitted)); Stone v. Holzberger, 807 F.Supp. 1325, 1337 (S.D.Ohio 1992) (witness' statements or behavior lead to conclusion it is reasonably unlikely he will appear); Cooks, 686 So.2d at 65 (statute requires showing of "good grounds to fear" material witness will be taken or depart from jurisdiction); State ex rel. Dorsey v. Haines, 63 Ohio App.3d 580, 579 N.E.2d 541, 542 (1991) (detention "necessary" to secure witness for trial). Incorporating this interpretation into the statute, we conclude the pretrial detention of a material witness is not excessive in relation to the regulatory goal.

In reaching our conclusion, we do not discount the individual's fundamental liberty interest in freedom from restraint. Salerno, 481 U.S. at 750, 107 S.Ct. at 2103, 95 L.Ed.2d at 711. Yet, in circumstances where the government interest is "sufficiently weighty," an individual's fundamental liberty interest may "be subordinated to the greater needs of society." Id. at 750–51, 107 S.Ct. at 2103, 95 L.Ed.2d at 711. We believe the circumstances delineated in sections 804.11 and 804.23 under which the pre-trial detention of material witnesses is permitted satisfies the strict scrutiny standard. See id. at 751, 107 S.Ct. at 2103, 95 L.Ed.2d at 711. Iowa's material witness statute "narrowly focuses on a particularly acute problem in which the [g]overnment interests are overwhelming." Id. at 750, 107 S.Ct. at 2103, 95 L.Ed.2d at 710. It is narrowly drawn to encompass only those individuals who have material knowledge to the commission of a felony and will be unavailable for

magistrate may consider the witness' ties, or

service of a subpoena. See In re Garren, 620 N.W.2d at 286.

### B. Procedural Due Process.

Although the material witness statute survives the defendants' substantive due process challenge, we must also determine whether the statute violates an individual's right to procedural due process. Procedural due process protections act as a constraint on government action that infringes upon an individual's liberty interest, such as the freedom from physical restraint. Mathews v. Eldridge, 424 U.S. 319, 332, 96 S.Ct. 893, 901, 47 L.Ed.2d 18, 31 (1976); Application of Cochran, 434 F.Supp. at 1212. We consider the type of process due and determine whether the procedures provided in the statute adequately comply with the process requirements. See Application of Cochran, 434 F.Supp. at 1212.

In determining what process is due under a statute, we apply the test pronounced by the United States Supreme Court in Mathews v. Eldridge. See Bowers v. Polk County Bd. of Supervisors, 638 N.W.2d 682, 691 (Iowa 2002). These three factors include: (1) the private interest that will be affected by the government action; (2) the risk of the erroneous deprivation of the interest, and the probable value of additional procedures; and (3) the government interest in the regulation, including the burdens imposed by additional procedures. Mathews, 424 U.S. at 335, 96 S.Ct. at 903, 47 L.Ed.2d at 33; Bowers, 638 N.W.2d at 691. In considering these factors, we must remember the flexible nature of due process. Mathews, 424 U.S. at 334, 96 S.Ct. at 902, 47 L.Ed.2d at 33; Application of Cochran, 434 F.Supp. at 1213.

lack thereof, to the community. Id.

At the very least, due process requires the defendant to receive formal notice of the charges against him and an opportunity to be heard at a meaningful time in a meaningful manner. *Mathews,* 424 U.S. at 333, 96 S.Ct. at 902, 47 L.Ed.2d at 32; *Application of Cochran,* 434 F.Supp. at 1213. Additional procedural safeguards adopted by courts reviewing material witness statutes for procedural due process challenges include:

1. Written notice of the allegations upon which the state relied for its claim of a right to require a recognizance or detention and of the time and place of the hearing on those allegations;

2. Disclosure at a hearing of the evidence in support of the state's claim;

3. An opportunity to be heard in person and to present witnesses and documentary evidence;

4. To the effect that it is practicable, the right to confront and cross-examine witnesses;

5. A hearing before a magistrate or other judicial officer; and

6. A written statement by the decisionmaker as to the evidence relied upon and the reasons for any adverse decision.

*Application of Cochran,* 434 F.Supp. at 1214 (deriving guidelines from *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484, 499 (1972)); *accord Misik,* 569 A.2d at 904. Another common procedure implemented by courts is to provide the defendant with the right to counsel. *Id.* We believe these are important procedural protections that should be utilized by district courts when confronted with an individual arrested as a material witness pursuant to section 804.11.

Considering these additional safeguards, we conclude the material witness statute survives the facial due process challenge. In so concluding, we acknowledge the serious risk of the erroneous deprivation of an individual's right to be free from physical restraint created by the material witness statute. *Application of Cochran,* 434 F.Supp. at 1214. Notwithstanding, the risk of error is diminished by the implementation of appropriate procedural safeguards. *Id.* We believe sections 804.11 and 804.23 already provide for most of these safeguards. Upon the arrest of a material witness, the arresting officer must inform the defendant of the reasons underlying the arrest. Iowa Code § 804.11. At the initial appearance before the magistrate, the officer must disclose the evidence in support of the arrest. *Id.* § 804.23. Following the hearing, the magistrate must explain the reasons for further detaining the individual. *See id.* The magistrate is also authorized to release the person under section 811.2. Thus, the provisions of sections 804.11 and 804.23 provide procedures to guide law enforcement personnel and judicial officers in the arrest of a material witness. *See Salerno,* 481 U.S. at 752, 107 S.Ct. at 2104, 95 L.Ed.2d at 712. These procedures must be strictly followed to prevent an abuse of the powers provided by the material witness statute. *Van Der Beek,* 238 N.Y.S.2d at 680; *Lloyd,* 538 P.2d at 1288.

In addition, we think it is important to emphasize that the material witness should be provided an opportunity to be heard at a later time similar to a preliminary hearing under rule of criminal procedure 2(4). The defendant should be permitted to be heard on all of the relevant issues, including whether a less restrictive alternative is a viable option, as well as to present evidence. *Francisco M.,* 103 Cal.Rptr.2d at 805–06. An opportunity for the defendant to be heard is an essential aspect of the procedure to be adhered to under the material witness statute. *Id.* at 804. Moreover, this additional procedural safeguard will not threaten the government's interest in securing the material and essential testimony for the prosecution of felony of-

fenses. *Application of Cochran,* 434 F.Supp. at 1214.

 Lastly, we must address the defendants' contention the material witness statute violates the Due Process Clause by permitting law enforcement personnel to detain an individual without first obtaining an arrest warrant. *See* Iowa Code § 804.11 (officer may arrest material witness "with or without an arrest warrant"). We prefer an officer to obtain an arrest warrant from a magistrate by demonstrating his reasons for believing an individual to be a material witness reasonably likely to be unavailable for trial before arresting an individual as a material witness. However, we recognize exigent circumstances may exist in certain cases, such as where an officer is in hot pursuit of a witness and the warrant requirement would unreasonably frustrate the officer's efforts to locate the witness. *Hand,* 242 A.2d at 895. If we required an arrest warrant in every case, some witnesses may never be located. *See id.* A good example is when an officer arrives at a crime scene and discovers an eyewitness has fled. *Id.* The officer may be compelled to immediately locate the witness without delay, especially if no suspect has yet been apprehended. *Id.* Because the officer is limited by the proba-

ble cause requirements specified in section 804.11, there is little room for abuse. Moreover, the restraint on individual liberty is short, as section 804.23 requires the officer to bring the witness before a magistrate "without unnecessary delay." [7] As with other warrantless arrests based on exigent circumstances, a warrantless arrest under section 804.11 may be upheld because a magistrate subsequently reviews the arrest and determines if further detention is warranted.[8] *See Hand,* 242 A.2d at 894.

## VIII. Conclusion.

Because the material witness statute may be applied fairly, with the procedural protections previously discussed, there is no reason to declare the statute unconstitutional on its face.[9] *See Francisco M.,* 103 Cal.Rptr.2d at 803; Carlson & Voelpel, 58 Wash. U. L.Q. at 13. We conclude sections 804.11 and 804.23 do not violate the Due Process Clause of the federal and state constitutions. We affirm the decision of the district court.

**AFFIRMED.**

---

7. The definition of "unnecessary delay" under our rules of criminal procedure is instructive in determining the standard under the material witness statute. *See* Iowa R.Crim. P. 1(2)(c) (" 'Unnecessary delay' is any unexcused delay longer than twenty-four hours, and consists of a shorter period whenever a magistrate is accessible and available."); *see also Fryer v. State,* 325 N.W.2d 400, 409 (Iowa 1982) (nineteen hours not unreasonable delay between arrest and initial appearance).

8. Although it may appear otherwise, we emphasize that we are not addressing the defendants' unpreserved argument that the material witness statute violates an individual's right to be free from unreasonable searches and seizures. Yet, we recognize that when analyzing material witness statutes, there is little

difference between a claim the detention is unreasonable under the Fourth Amendment and a claim the statute fails to comply with the Due Process Clause. *Application of Cochran,* 434 F.Supp. at 1216 n. 12; *Misik,* 569 A.2d at 899.

9. We do not imply that the procedures followed by the State in this case, as revealed by the background facts and proceedings, necessarily conformed to the statute or should be followed in future cases. For example, the complaint and affidavit was not presented to the magistrate until the day following the initial appearance. Furthermore, we find no authority or justification for the filing of a county attorney trial information against material witnesses.