# IN THE COURT OF APPEALS OF IOWA

No. 16-0839
Filed August 17, 2016

**IN THE INTEREST OF J.A. AND A.A.,**
**Minor children,**

**J.A., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Colin J. Witt, District Associate Judge.


        A father appeals the juvenile court's child-in-need-of-assistance review order. **AFFIRMED.**


        Tammy M. Westhoff Gentry of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann, LLP, Des Moines, for appellant father.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

        Kimberly S. Ayotte of The Youth Law Center, Des Moines, attorney for minor children.

        Laura J. Lockwood of Hartung & Schroeder, LLP, Des Moines, guardian ad litem for minor children.


        Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

A father was involved in a child-in-need-of-assistance proceeding based on allegations of substance abuse and physical discipline of his two children, born in 2000 and 2002. In time, he sought to have the case closed. The juvenile court declined to immediately close the case, reasoning the children "remain[ed] in need of assistance." The court scheduled closure for August 1, 2016, at 8:00 a.m.

The father seeks reversal of this order. He argues the juvenile court should have immediately closed the case because the children were in his care and he addressed the issues that led to the filing of the child-in-need-of-assistance petition. The State counters by referencing a department of human services report recommending against closure of the case based on a recent, highly fraught incident between the father and children.

As noted, the juvenile court scheduled the case for closure on August 1, 2016. That date has come and gone. Accordingly, the issue of whether the case should be closed appears to be moot. *See In re B.B.*, 826 N.W.2d 425, 428 (Iowa 2013) ("Ordinarily, an appeal is moot if the 'issue becomes nonexistent or academic and, consequently, no longer involves a justiciable controversy.'" (quoting *State v. Hernandez-Lopez*, 639 N.W.2d 226, 234 (Iowa 2002))).

In any event, the district court did not abuse its discretion in declining to immediately close the case. *See In re E.H.*, No. 02-0764, 2003 WL 289596, at *1 (Iowa Ct. App. Feb. 12, 2003) (setting forth standard of review). Iowa Code section 232.103 (2015) allows a court to "terminate [a dispositional] order and discharge the child" only if "[t]he purposes of the order have been accomplished

and the child is no longer in need of supervision, care, or treatment" or if "[t]he purposes of the order have been sufficiently accomplished and the continuation of supervision, care, or treatment is unjustified or unwarranted." *See* Iowa Code § 232.103(1), (4)(a), (4)(d). The incident described by the department in its updated report established a need for continued, albeit short-term, supervision of the children, as well as evaluation and treatment of all involved. We affirm the minimal extension of the proceedings.

**AFFIRMED.**