# IN THE COURT OF APPEALS OF IOWA

No. 16-1675
Filed May 3, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LARRY DAVID BASKERVILLE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Joseph M.

Moothart, District Associate Judge.


        A defendant challenges the attorney fees ordered in a written judgment

entry. **APPEAL DISMISSED.**


        Mark C. Smith, State Appellate Defender, and Brenda J. Gohr, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant

Attorney General, for appellee.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

Larry David Baskerville shoplifted thirty pounds of ground beef, four racks of spare ribs, and a T-bone steak from the meat department at Hy-Vee. Having been convicted of theft twice before, Baskerville pleaded guilty to theft in the third degree and received a prison sentence not to exceed two years. At the sentencing hearing, the district court informed Baskerville that his responsibility for attorney fees would be capped at $600. But the court's written judgment entry ordered Baskerville to pay restitution for attorney fees in "the amount actually submitted by counsel or $1200 whichever is less."

On appeal, Baskerville asks us to remand for entry of a nunc pro tunc order to reflect the oral pronouncement of a $600 cap on attorney fees. The State agrees that when a discrepancy arises between the oral pronouncement of sentence and the written judgment, the oral pronouncement governs. *See State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995). The State also agrees, ordinarily, when the record plainly reveals a discrepancy, the proper remedy is to remand for entry of a nunc pro tunc order. *See id.* at 529. But the State contends a remand is not necessary here because Baskerville's challenge is moot. The State points out defense counsel certified fees in the amount of $30—far less than the $600 cap set at the sentencing hearing. Baskerville's counsel did not file a reply brief to counter the State's mootness argument.

"[A]n appeal is deemed moot if the issue becomes nonexistent or academic and, consequently, no longer involves a justiciable controversy." *State v. Hernandez-Lopez*, 639 N.W.2d 226, 234 (Iowa 2002). Courts refrain from reviewing moot issues. *Id.* Defense counsel's certification of fees well below the

ceiling set by the district court removes the existence of any justiciable controversy in this case. Remanding for a nunc pro tunc order would have no practical impact on Baskerville's restitution bill. Accordingly, we dismiss the appeal on mootness grounds.

**APPEAL DISMISSED.**