# IN THE COURT OF APPEALS OF IOWA

No. 16-1661
Filed September 13, 2017

**DAVID LEE HERING,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

　　　Appeal from the Iowa District Court for Muscatine County, Joel W. Barrows, Judge.


　　　An inmate appeals an order denying his motion for "protection and preservation" of the court records and legal documents kept in his prison cell. **APPEAL DISMISSED.**


　　　David L. Hering, Fort Madison, self-represented appellant.

　　　Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for appellee State.


　　　Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

David Hering is serving a life sentence in the custody of the Iowa Department of Corrections (DOC). He challenged his convictions for murder in the first degree and two counts of attempted murder, as well as the related restitution order, in three appeals before our court last year. *See generally Hering v. State*, No. 14-0762, 2016 WL 3285445 (Iowa Ct. App. June 15, 2016); *Hering v. State*, No. 13-1945, 2016 WL 3269454 (Iowa Ct. App. June 15, 2016); *State v. Hering*, No. 14-1343, 2016 WL 3271910 (Iowa Ct. App. June 15, 2016). In this fourth appeal, he revisits a procedural issue raised and decided in each of those underlying district court actions but not pursued in any of the three appeals.[1]

Specifically, Hering argues that in a February 4, 2016 order, the district court unreasonably denied his motion to "protect and preserve" court records and other legal documents in his possession against a DOC policy that limited the volume of personal property inmates are allowed to keep in their cells.[2] He claims the denial infringed on his due-process and equal-protection rights. *See Goff v. Nix*, 113 F.3d 887, 892 (8th Cir. 1997) (recognizing that taking an inmate's legal papers may interfere with right of access to the courts).

The State contends this case is moot because "the contested issue has become academic or nonexistent and the court's opinion would be of no force or effect in the underlying controversy." *See Maghee v. State*, 773 N.W.2d 228,

---

[1] Hering was represented by counsel in all three earlier appeals.
[2] It does not appear that either Hering or the State offered a copy of the prison policy as an exhibit in the district court nor do the parties include any citation to the policy on appeal. Accordingly, we have no verification of Hering's description of the property limitations.

233 (Iowa 2009). We agree. Hering's notice of appeal in this case purports to be from the underlying postconviction and criminal-restitution matters that have already been resolved in three separate appeals. Hering's complaint about the prison policy on storage is not a free-standing claim for relief under either Iowa Code chapter 822 (postconviction) or chapter 910 (restitution) (2016).[3] Instead, the claim was a means to ensure access to the courts in those underlying actions. Hering's three previous appeals are a testament to his access to the courts. This action no longer presents a justiciable controversy.

We may reach a moot question under certain circumstances. *See State v. Hernandez-Lopez*, 639 N.W.2d 226, 234 (Iowa 2002) (listing four factors to consider for public-interest exception: (1) the public nature of the issue, (2) the desirability of authoritative guidance for public officials, (3) the likelihood the issue will recur, and (4) the likelihood the issue will recur yet evade appellate review). In his reply brief, Hering asserts: "The fact that three appeals have been completed has no bearing on whether or not the issues raised in this appeal are moot as [Hering's] court records and legal documents will be needed for pending and future litigation."

Despite this assertion, this case does not fit the public-interest exception. It is not framed as a matter of broad public importance nor as requiring authoritative guidance from this court. And even if the property-storage issue may reemerge in his pending or future litigation, Hering has not established it

---

[3] Hering contends in his appellant's brief that he is essentially seeking a temporary injunction against DOC enforcement of the policy.

would evade appellate review. Accordingly, we need not address the issue under the public-interest exception to the mootness doctrine.

**APPEAL DISMISSED.**