# IN THE COURT OF APPEALS OF IOWA

No. 18-0694

**MICHAEL WAYNE LINDGREN,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Plymouth County, Steven J. Andreasen, Judge.

Michael Lindgren appeals the dismissal of his application for postconviction relief in which he challenged his transfer from work release to prison without a pre-transfer hearing. **APPEAL DISMISSED.**

Priscilla E. Forsyth, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for appellee State.

Considered by Potterfield, P.J., Doyle, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**POTTERFIELD, Presiding Judge.**

Michael Lindgren brought this action for postconviction relief (PCR) alleging his work release status was improperly revoked when he was sent to prison. The district court granted the State summary judgment because Lindgren had not appealed the revocation of his parole and had no liberty interest in work release.[1] The court stated:

> Because the administrative law judge's parole revocation order was not appealed and became a final decision of the Board of Parole, it effectively became a Board of Parole decision granting Michael work release consistent with [Iowa Code] sections 906.3 and 906.4. The order of the administrative law judge placing Michael on work release at the Sheldon Residential Treatment Facility, therefore, was effectively the same type of decision as the Board of Parole granting work release for which the courts have consistently and repeatedly concluded does not create a constitutionally protected liberty interest. Michael has no more liberty interest in the work release program granted by the administrative law judge than he would otherwise have if he was granted work release by the Board of Parole.

Lindgren appeals, asserting he had a liberty interest in being placed on work release, rather than in prison, and was thus entitled to due process.

Lindgren discharged his underlying sentence on March 25, 2017. The State contends the appeal is mooted by the discharge of the underlying sentence. We agree.

---

[1] In *Maghee v. State*, 773 N.W.2d 228, 242 (Iowa 2009), our supreme court concluded PCR proceedings were the appropriate method to challenge the department of corrections' transfer decisions. However,

> As for his due-process claim, authoritative guidance on this issue already exists. *See Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 669–70 (8th Cir.1996) (holding prisoner who was transferred from work release program to residential treatment center had no constitutionally protected liberty interest in remaining in the work release program and therefore no due-process right to a pretransfer hearing); *Drennan* [*v. Ault*], 567 N.W.2d [411,] 414 [(1997)] (holding inmate had no liberty interest in remaining in community-based correctional program and therefore had no due-process right to a hearing).

"A case is moot when the contested issue has become academic or nonexistent and the court's opinion would be of no force or effect in the underlying controversy." *Maghee*, 773 N.W.2d at 233. Because Lindgren has discharged his sentence, an opinion on his request for a pre-transfer hearing would be of no consequence. We decline to exercise our discretion to apply the public-interest exception to the mootness doctrine. *See State v. Hernandez-Lopez*, 639 N.W.2d 226, 234 (Iowa 2002) (noting factors).

**APPEAL DISMISSED.**