# IN THE COURT OF APPEALS OF IOWA

No. 18-2168
Filed March 4, 2020

**IN RE THE DETENTION OF DAVID L. TAFT, JR.,**

**DAVID L. TAFT, JR.,**
        Respondent-Appellant.

_____

Appeal from the Iowa District Court for Linn County, Mary E. Chicchelly, Judge.

David Taft appeals the denial of his petition for discharge from the sexually violent predator program or placement in a transitional release program. **AFFIRMED.**

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee State.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**DOYLE, Presiding Judge.**

David Taft has been committed to the sexually violent predator (SVP) program since 2005. Since then, Taft has filed three appeals challenging the constitutionality of the criteria for determining eligibility for transitional release. *See Taft v. Iowa Dist. Ct. for Linn Cty.*, 879 N.W.2d 634, 638-39 (Iowa 2016) (holding that the issue was not ripe for adjudication); *Taft v. Iowa Dist. Ct. ex rel. Linn Cty.*, 828 N.W.2d 309, 322-23 (Iowa 2013) (holding Taft failed to preserve error); *In re Det. Taft*, No. 15-1732, 2017 WL 1088098, at *5 (Mar. 22, 2017) (holding error was not preserved because the district court never ruled on the issue). Taft now appeals the 2018 denial of his petition for discharge from the SVP program or placement in a transitional release program. He alleges the statute and court violated his due process rights by setting the State's burden of proof at a preponderance of the evidence.

After this appeal was ready for submission but before its transfer to this court, the State filed a new annual report recommending Taft for transitional release. The parties stipulated to the placement, and the district court ordered Taft placed in the transitional release program. As a result of his placement in a transitional release program, the State moves to dismiss Taft's appeal as moot. *See State v. Hernandez-Lopez*, 639 N.W.2d 226, 234 (Iowa 2002) ("[A]n appeal is deemed moot if the issue becomes nonexistent or academic and, consequently, no longer involves a justiciable controversy."). Taft resists dismissal, arguing the issue is likely to recur. *See id.* (noting that, although the appellate courts generally refrain from reviewing moot issues, "an exception exists for issues of broad public importance likely to recur"). He also notes that if he succeeds in his challenge to

the State's burden of proof, "his entire commitment would be subject to reconsideration." We have rejected a claim of mootness in similar circumstances. *See In re Det. of Hutchcroft*, No. 15-1489, 2017 WL 108288, at *1 (Iowa Ct. App. Jan. 11, 2017) (finding appeal of annual review decision placing Hutchcroft in transitional release program was not rendered moot by later decision to return him to confinement because "[t]he order from which he appealed addressed the question of whether he should be discharged from civil commitment, in addition to the question of transitional release"). Because it also affects his request for discharge from the SVP program, Taft's challenge to the State's burden of proof at a review hearing is not moot.

But there is another impediment to Taft's challenge on the State's burden of proof. Taft raised this challenge in his last appeal, claiming the court's instructions impermissibly allowed the State to prove its case by only a preponderance of the evidence. *Taft*, 2017 WL 1088098, at *2-3. Iowa Code section 229A.8(6)(d)(1) requires the State to prove beyond a reasonable doubt that the committed person "is likely to engage in predatory acts that constitute sexually violent offenses." The jury instructions defined the phrase to mean "that the person more likely than not will engage in acts constituting sexually violent offenses," which mirrors the statutory definition. *See Taft*, 2017 WL 1088098, at *2 (citing Iowa Code § 229A.2(5)). In rejecting Taft's claim that the instructions held the State to a lesser burden of proof, this court cited *In re Detention of Williams*, 628 N.W.2d 447, 458-59 (Iowa 2001), which held defining the term "likely" to mean "more likely than not" or "more probable than not" does not violate due process by reducing the State's burden of proof. *See Taft*, 2017 WL 1088098, at *2-3. The

State argues our prior decision is controlling under the law-of-the-case doctrine. *See Wolfe v. Graether*, 389 N.W.2d 643, 651 (Iowa 1986) ("[W]here the court of appeals has determined an issue of law necessary to the decision of a prior appeal, and its determination is not vacated by this court, the decision of that court is controlling as to that issue for purposes of further proceedings in both the district court and subsequent appeals."). Because Taft essentially raises the same argument in this appeal, we will not reconsider it. *See Bahl v. City of Asbury*, 725 N.W.2d 317, 321 (Iowa 2006). But even if the law-of-the-case doctrine did not apply, our prior decision and that of the supreme court in *Williams* would lead us to the same result.

Taft also challenges the statutory criteria for placement in a transitional release program. *See* Iowa Code § 229A.8A(2). To the extent that Taft challenges the evidence supporting the court's determination that he is not eligible for transitional release, that issue is now moot. Therefore, we need not consider his challenges to the criteria set forth in section 229A.8A(2).

Finding no merit to any of the claims we have considered in this appeal, we affirm.

**AFFIRMED.**