# IN THE COURT OF APPEALS OF IOWA

No. 19-1440
Filed November 30, 2020

**JORDAN SCOTT JOHNSON,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Rustin Davenport, Judge.

The applicant appeals the denial of his third postconviction relief application. **AFFIRMED.**

Fred Stiefel, Victor, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.

Considered by Doyle, P.J., and Mullins and Greer, JJ.

**GREER, Judge.**

Jordan Johnson claims he received ineffective assistance of counsel when his trial attorney failed to object to portions of the prosecutor's cross-examination of the defense expert psychiatrist, Dr. Logan. The origin of this appeal grows from Johnson's acts, which he does not dispute, of killing his mother with a hatchet on January 19, 2008, and confining his mother's husband to the basement after the murder.[1] In response to the criminal charges of first-degree murder and second-degree kidnapping, Johnson asserted defenses of insanity and diminished capacity.[2] A jury trial followed and the jury convicted Johnson of both crimes.[3] The district court sentenced Johnson to life in prison without the possibility of parole for the murder and to a term of twenty-five years on the kidnapping, with the sentences to be served consecutively.

Johnson appealed the conviction and also raised the issue of ineffective assistance of his trial counsel. In that appeal, Johnson urged that the improper cross-examination of the defense psychiatrist breached an essential duty. He claimed, "Dr. Logan was improperly permitted to give an opinion as to whether a specific legal standard had been met." The problem arose from this exchange between the prosecutor and Dr. Logan:

---

[1] The details of Johnson's actions are set out in *State v. Johnson*, No. 08-1179, 2009 WL 2392102, at *1 (Iowa Ct. App. Aug. 6, 2009).

[2] The district court and parties refer to *diminished capacity* in the record and briefing, and to avoid confusion, we also use that term. But we note the preference would be to follow the terminology of Iowa Rule of Criminal Procedure 2.11(11)(b), which references the notice of intent to rely on the defense of diminished responsibility. *See Anfinson v. State*, 758 N.W.2d 496, 502 n.6 (Iowa 2008).

[3] During an eight-day jury trial, the two defense attorneys called twenty-five witnesses, including twelve doctors, to support Johnson's defense.

Q. And in your opinion, this is not a case where diminished capacity applies? A. If you look at it from a very narrow standpoint and without looking at the rationality of what he did, then I would agree with that.

. . . .

Q. And you said in the deposition on April 16th of this year that this is not a case of diminished capacity? A. That was my opinion at that time, yes.

Q. And your opinion is that he definitely knew the nature and consequences of his act when he killed her? A. In terms of hitting her with an ax and hatchet and she would die from blows to the head, yes.

A panel of our court affirmed the convictions but reserved Johnson's ineffective-assistance-of-counsel theory for another day—through a postconviction-relief (PCR) proceeding. *Johnson*, 2009 WL 2392102, at *2. Procedendo issued on September 11, 2009.

To seek relief from his convictions, Johnson filed three applications for PCR over the past several years. The first application came in March 2010. The grounds of that application raised concerns about newly-discovered evidence and that his trial counsel failed to explore Johnson's mental-health condition, but never referenced the offending cross-examination theme raised in his direct appeal. After a PCR trial, the application was denied in its entirety in May 2014. Johnson appealed this ruling but then voluntarily dismissed the appeal. Procedendo issued on August 18, 2014.

A second PCR application followed nine months later. Filed in May 2015, Johnson raised ineffective assistance of counsel, but the district court dismissed the application based on a determination that Johnson offered no new grounds for relief. Again, Johnson did not reference the offending cross-examination of his forensic expert raised in his direct appeal. Johnson made other attempts to

address this challenge to his convictions, but in the end, the district court dismissed the application on July 28, 2015. Johnson did not appeal.

Now on his third PCR application, filed September 4, 2015, Johnson argues he is entitled to a new trial. It is in this application that Johnson raised the improper cross-examination of Dr. Logan. Johnson emphasized in his appellate brief that "allowing Dr. Logan to testify to a legal conclusion that diminished capacity did not apply in this case was a crushing blow to the defense."

The State moved to dismiss this third PCR application, arguing the action was time-barred under Iowa Code section 822.3 (2015). That section provides:

> A proceeding is commenced by filing an application verified by the applicant with the clerk of the district court in which the conviction or sentence took place. . . . All other applications must be filed within *three years* from the date the conviction or decision is final or, in the event of an appeal, form the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

Iowa Code § 822.3 (emphasis added).

Because procedendo issued on September 11, 2009, the State calculates that Johnson had until September 11, 2012, to file a PCR application. And while the original PCR petition was timely filed on March 8, 2010, this third filing—made in September 2015, thirteen months after the original PCR concluded—must be time-barred according to the State. Likewise, the State characterized Johnson's new filing as frivolous, failing to state a claim, and without merit.

Noting that this third filing is the first time that Johnson has raised the cross-examination failure in a PCR application, the district court found it compelling that this particular theory of ineffective assistance of counsel had not been previously litigated. Thus, the district court found trial counsel's failure to object to the State's

cross-examination of Dr. Logan and the failure of PCR counsel to raise the issue in the first PCR case remained for court determination, relying on *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018). Although there were other grounds raised in this third filing, the district court found that those matters were time-barred because they could have been raised or could have been litigated in the underlying case, in the appeal, or in the previous PCR proceedings.[4]

Focusing mostly on Johnson's cross-examination concern in the PCR trial, the district court took testimony and issued a ruling. Trial counsel explained that objecting to the offending questions would draw juror's attention to the testimony and, without objection, Dr. Logan's testimony remained focused on his strong opinions on the insanity defense. In her testimony at the PCR hearing, Johnson's trial counsel was asked, "And if the prosecutor was forced to rephrase the question, knowing what you know about the report from Mr. Logan and the deposition of Mr. Logan, would Mr. Logan have been able to provide damaging testimony as to diminished capacity if rephrased and questioned about it?" She responded:

> Dr. Logan would not have been able to do that. That was something that we knew was part of his testimony; and, again, we weren't going to throw the baby out with the bath water. We took the—the positive things and was aware that that was going to be as much as possible brought up, okay, or brought into the case by cross-examination. And so it's a matter of letting it happen, I guess, or breaking it up. Because it—it's going to happen. He's going to be able to express a medical opinion about diminished capacity. Whether that's a legal opinion or not, it was going to happen.

---

[4] Johnson does not challenge on appeal the PCR court's ruling as to the time-barred matters.

The district court determined defense counsel should have objected to the prosecutor's cross-examination detailed above. However, the court denied Johnson's PCR application, finding:

> Even if the testimony had been objected to and the objection had been sustained, it would not have changed the outcome of the case. The court has reviewed the record and finds that [Johnson's] case was not affected by the two questions and two answers of Dr. Logan. The primary focus of the case was on the insanity defense, and this defense was rejected by the jury based upon substantial evidence. [Johnson] cannot show that the outcome of trial would have been any different.

Because the error was harmless and there was overwhelming evidence of Johnson's specific intent, the district court found the trial result would not have changed even if an appropriate objection were made and sustained.

Johnson appeals only whether trial counsel provided ineffective assistance of counsel in failing to object to the Dr. Logan cross-examination. The State maintains this application is untimely, providing an alternative rationale for affirming the dismissal.

### *Standard of Review and Error Preservation*.

"Generally, an appeal from a denial of an application for [PCR] is reviewed for correction of errors at law." *Goosman v. State*, 764 N.W.2d 539, 541 (Iowa 2009). "But when a PCR petitioner claims ineffective assistance of PCR counsel, our review is de novo." *Allison*, 914 N.W.2d at 870.

We may affirm a district court ruling "on a proper ground urged but not relied upon by the court." *DeVoss v. State*, 648 N.W.2d 56, 61-63 (Iowa 2002). Generally, error is preserved on an issue if (1) a party raises the issue before the district court, (2) the district court rules upon the issue, and (3) the party again

raises the issue on appeal. *State v. Hernandez-Lopez*, 639 N.W.2d 226, 233 (Iowa 2002).

"Our review of the court's ruling on the State's statute-of-limitations defense is for correction of errors of law." *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003).

### *Analysis.*

Johnson frames the issue as whether the PCR court erred by concluding that Dr. Logan's cross-examination did not affect the outcome of the trial. In other words, Johnson asserts the court was wrong in finding he failed to establish prejudice. Johnson's brief addresses the inaction of trial counsel in failing to object to testimony about the legal standard the jury was to apply.

### *Was the third PCR petition timely filed?*

The State prevailed in defending against Johnson's application for PCR. On appeal, the State provides as an alternative ground to affirm the PCR court's denial of Johnson's PCR application that Johnson's claim regarding the cross-examination of the defense psychiatrist was time-barred. The State raised this issue to the PCR court in a motion to dismiss relating to the filing requirements found in Iowa Code section 822.3. And the district court addressed the issue, both in its ruling on the motion to dismiss and in the final ruling on the PCR application. Thus, we examine whether this alternative ground resolves this appeal. *See Duck Creek Tire Serv., Inc. v. Goodyear Corners, L.C.*, 796 N.W.2d 886, 893 (Iowa 2011) ("It is well-settled law that a prevailing party can raise an alternative ground for affirmance on appeal without filing a notice of cross-appeal, as long as the prevailing party raised the alternative ground in the district court.").

At the core, the State argues the third PCR petition is time-barred—either because it is the third filing or because it was not "promptly filed." Johnson argued otherwise when the issue was presented to the district court. The hurdles to navigate when a PCR filing relates back to the time of filing the first PCR action involve three conditions. First, the original PCR petition alleging ineffective assistance of trial counsel must be "timely filed per section 822.3." *Allison*, 914 N.W.2d at 891. Second, the successive PCR petition must allege "[PCR] counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim." *Id.* Finally, the successive petition must be "filed promptly after the conclusion of the first PCR action." *Id.* Johnson met the first condition. His original PCR application, detailing the inaction of trial counsel, was timely filed on March 8, 2010, a few months following the notice of procedendo in the direct appeal of his conviction on September 11, 2009. As for the second condition, Johnson alleged his defense counsel were ineffective in both the second and third PCR applications.[5]

Addressing the "prompt filing" of these successive PCR petitions, we first note that Johnson filed the second PCR petition without the benefit of counsel.[6] That being said, the district court dismissed the petition as time-barred.[7] The

---

[5] In the second pro se PCR application, the reference to counsel is general, but the third PCR application contains specific details about trial counsel and appellate counsel failures.

[6] Johnson requested the assistance of counsel in his second PCR filing but was denied counsel.

[7] In its May 15, 2015 order requesting a response from Johnson, the district court observed "[p]rocedendo in [the second PCR filing was] entered on September 11, 2009. The applicant has not asserted any ground of fact or law that could not have been raised within three years of procedendo, which is the time limit for bringing an action for post-conviction relief." On July 28, 2015, the court dismissed the PCR application.

second PCR action, filed about nine months after the conclusion of the original PCR action, failed to meet the narrow exception of *Allison*. *See Polk v. State*, No. 18-0309, 2019 WL 3945964, at *1-2 (Iowa Ct. App. Aug. 21, 2019) (holding gap of almost six months between the voluntary dismissal of the first PCR appeal and the filing of the second PCR action is not "filed promptly" under *Allison*). Johnson filed the third PCR application on September 4, 2015, almost thirteen months after procedendo on his first PCR application was issued. Because the second PCR application was dismissed as untimely, it follows that the third filing does not meet the *Allison* exception. In simple terms, with the second application time-barred, the third is barred as well.

In his third attempt, Johnson raised the ineffective assistance of his trial and his first PCR counsel and highlighted the cross-examination failure of his trial counsel, as he does in this appeal. But, even ignoring his "prompt filing" problem, the State argues case law prohibits Johnson from filing three applications for PCR. Noting that *Allison* provides limited relief for a promptly filed *second* PCR action, the State urges that Johnson's third filing should have been dismissed. *See Allison*, 914 N.W.2d at 890-91. We have been consistent in our approach when a third PCR cause of action is involved. *See Long v. State*, No. 19-0726, 2020 WL 2061934, at *3-4 (Iowa Ct. App., Apr. 29, 2020) (finding third PCR application did not fall within narrow confines of *Allison*); *Smitherman v. State*, No. 19-0331, 2020 WL 3571814, at *2 (Iowa Ct. App. July 1, 2020) (finding fourth PCR claim not allowed); *Morris v. State*, No. 18-1021, 2019 WL 3714820, at *2 n.2 (Iowa Ct. App. Aug. 7, 2019) (finding third PCR claim time-barred); *Kelly v. State*, No. 17-0382, 2018 WL 3650287, at *4 (Iowa Ct. App. Aug. 1, 2018) (noting third PCR application

was time-barred). We see no reason to deviate on this case, but recognize we have no guidance from our supreme court on whether the second unrepresented PCR application impacts the analysis when determining an *Allison* exception. So with no exception applicable to the statute-of-limitation period found at Iowa Code section 822.3, we find the district court should have dismissed the entirety of Johnson's third PCR application as time-barred.

**Conclusion.**

Under the reasoning offered, we affirm the dismissal of the third PCR application.

**AFFIRMED.**